STATE *ex rel.* JOHN BROWN *vs.* JOHN FITZGERALD, Workhouse Keeper.

Argued Dec. 5, 1892.   Decided Dec. 6, 1892.

**Pleading to an Indictment is a Waiver of the Manner of Arrest.**
> When a defendant in a criminal prosecution, without objecting to the manner of his arrest or of his being brought before the court, pleads to the indictment or complaint, he waives all objection that he is not properly before it for the purpose of being tried, and the court has jurisdiction of the person.

On the application of John Brown, relator, writs of *Habeas Corpus* and *Certiorari* were issued from this court to John Fitzgerald, keeper of the city workhouse of the City of St. Paul, to produce in court the body of the relator, with the cause of his detention. The respondent made return that he held the relator by virtue of a conviction before the Municipal Court of the city, for violation of a city ordinance. It appeared from the returns that the relator was arrested by an officer without a warrant, was arraigned upon a written complaint, pleaded not guilty, waived a jury, was tried, convicted and sentenced to the workhouse.

*A. E. Hawes* and *F. L. McGhee*, for the relator.

No counsel appeared for respondent.

GILFILLAN, C. J.   This is a *habeas corpus* issued to respondent, keeper of the workhouse, St. Paul, requiring him to bring the relator before us, with the cause of his detention. The cause returned is a commitment upon a conviction before the municipal court of St. Paul for violation of an ordinance of that city. The return to a writ of *certiorari* ancillary to the *habeas corpus* issued to that court makes it appear that the relator was arrested by an officer, without warrant, taken before the municipal court, arraigned upon a written verified complaint, pleaded not guilty, waived a jury, and was convicted, and sentenced and committed to the workhouse.

The objection to the proceedings is that the arrest was illegal, and under the decision in *Wahl* v. *Walton*, 30 Minn. 506, (16 N. W. Rep.

397,) it may be held that it was. From this it is claimed the court in receiving his plea and trying him acted without jurisdiction, and its judgment is therefore void. When a valid indictment is found, or, where no indictment is necessary, a valid complaint is filed, the court has jurisdiction to cause the defendant to be brought before it to answer to the indictment or complaint; and when he is actually before it, and called upon to plead, if he has any objection to make to the manner in which he was brought before it, he ought to make the objection then. It is not clear that had this relator made the objection when he was called on to plead it ought to have been sustained. In *State* v. *Brewster*, 7 Vt. 118, the arrest had been made in Canada, and so was, of course, illegal; but the supreme court held, on exceptions after a conviction, that the illegal arrest was no ground for a motion to dismiss or for a plea in abatement. In *Dows' Case*, 18 Pa. St. 37, the relator, after indictment, fled to Michigan, and was there arrested without legal authority, and taken to Pennsylvania, and it was held no ground for discharge on *habeas corpus*. In *People* v. *Rowe*, 4 Parker, Crim. R. 253, a warrant was issued before indictment, and the defendant, who was then in Canada, was forcibly taken to the line, and delivered to the New York officer who held the warrant. It was held that the illegality of the arrest was no ground for a motion to quash the indictment or to discharge the prisoner. Whether it would or would not have been error in the municipal court to overrule the objection, had it been seasonably made, the objection, the defendant being personally before the court, did not go to the jurisdiction. And even if it did, as defects in jurisdiction of the person may be waived, and as in general they are to be deemed waived by failure to make objection seasonably, the relator must be held to have waived the objection by pleading to the complaint without making it. Public policy, as also protection to defendants in criminal prosecutions, requires that this should be so. A great many arrests are made without warrant, and, if the character and circumstances of such an arrest may, after judgment, be proved, to upset the jurisdiction of the court and render the judgment void, not only will the administration of justice be obstructed, but the judgment, whether of conviction or acquittal, will be no pro-

tection to the defendant,—no bar to a subsequent prosecution for the same offense.

Writ quashed, and relator remanded.

(Opinion published 53 N. W. Rep. 799.)