## STATE v. EDWARD J. NUGENT.[1]

June 25, 1909.

Nos. 16,172—(26).

**Sale of Liquor to Minor—Jurisdiction of Court.**

The defendant was convicted in the municipal court of Minneapolis of a violation of an ordinance of the city prohibiting and punishing the sale of intoxicating liquors to minors. No warrant was issued for his arrest, but upon the complaint being filed against him he voluntarily appeared in person, pleaded not guilty, and his trial proceeded without objection.

*Held,* that the court had jurisdiction of the subject-matter of the action and of the person of defendant, that he was not entitled to a trial by jury, and that his conviction is sustained by the evidence.

Defendant was convicted in the municipal court of Minneapolis of the offense of selling intoxicating liquor to a minor, and ordered to pay a fine of $100 and in default thereof to be committed to the workhouse until the fine should be paid, not exceeding a period of thirty days. From this judgment, Charles L. Smith, J., defendant appealed. Affirmed.

*Dodge & Tautges,* for appellant.

*Frank Healy,* City Attorney, and *Clyde R. White,* Assistant City Attorney, for the State.

[1]Reported in 121 N. W. 898.

STArt, C. J.

The defendant was convicted in the municipal court of the city of Minneapolis of violating a city ordinance prohibiting and punishing the sale of intoxicating liquors to minors. He appealed from the judgment.

It appears from the return to this court that a written complaint charging the defendant with having committed such offense on December 19, 1908, was duly made and filed. Thereupon the defendant, without the issuing of any warrant for his arrest, voluntarily appeared in person and by attorney, and his trial for the offense charged in the complaint was had without objection or exception on his part, until the case reached this court on appeal, with reference to the omission to issue and serve a warrant upon him. The defendant demanded a jury trial. It was denied; the defendant excepting to the ruling. The parties stipulated on the trial that the defendant did not personally sell or furnish to Arthur Hutchins, the minor named in the complaint, any intoxicating liquors, and that at all times prior to December 19, 1908, while engaged in the saloon business, the defendant had given instructions to all of his bartenders not to furnish to minors any intoxicating liquors or beer, and to exercise the greatest care to avoid the violation of such instructions.

The trial court found the facts following: "That said Hutchins visited the saloon of the defendant in the city of Minneapolis, Hennepin county, state of Minnesota, on December 19, 1908, and remained therein for a period of over an hour, and that during said time he purchased of the bartender of defendant a large number of glasses of beer, approximating one dozen glasses, and said beer was drunk in the saloon of the defendant; that said Hutchins is a minor, to wit, of the age of eighteen years; that while said Hutchins was in said saloon, and during the time he purchased said intoxicating liquors, the defendant was present, and said intoxicating liquors were sold to said Hutchins with the knowledge and consent of the defendant." Upon these facts the trial court adjudged the defendant guilty of the offense charged in the complaint, and that as punishment therefor he pay a fine of $100, and in default thereof he be committed to the workhouse until the fine should be paid, not exceeding thirty days.

1. The defendant's first contention is that the ordinance in question is but a reiteration of the provisions of the statute creating the same offense, and if he had been prosecuted under the statute he would have been entitled to a trial by jury. Therefore the trial court erred in denying his demand for such a trial. The defendant was not entitled to a jury trial. State v. Marciniak, 97 Minn. 355, 105 N. W. 965.

2. His next claim is: "The judgment is not the culmination of a trial predicated upon due process of law, and its enforcement would deprive the defendant of his liberty or property, in violation of the provision of the constitution referred to in the assignments of error." The only basis for this seemingly weighty proposition is the simple fact that no warrant was issued to bring the defendant into court to answer the charge made against him. The judgment recites that he pleaded not guilty to the charge, and there is nothing in the record contradicting this recital of the judgment. The objection that no warrant for his arrest was issued is made for the first time in this court. If it be true, as the defendant claims, that the issuing of a warrant to bring him into court was a condition precedent to the acquisition of jurisdiction by the court to hear and determine the case, notwithstanding the defendant voluntarily appeared, the question of jurisdiction may be raised for the first time in this court. The claim, however, is without merit. The only function of the warrant in a criminal case is to enable the court to acquire jurisdiction of the person of the defendant by bringing him before the court to answer the charge made against him. The defendant in this case voluntarily came into court and submitted his person to its jurisdiction. Therefor it was not necessary to issue a warrant for his arrest to enable the court to acquire jurisdiction to hear and determine the case. The municipal court, in this case, had jurisdiction of the subject-matter of the action and of the person of the defendant. State v. Fitzgerald, 51 Minn. 534, 53 N. W. 799.

3. The last contention of the defendant is that the finding of the trial court, to the effect that the defendant was present when intoxicating liquors were sold by his barkeeper to the minor named in the complaint, and that the sale was made with the knowledge and con-

sent of the defendant, is not sustained by the evidence. It is claimed by counsel for the state in this connection that proof of the assent of the defendant to the alleged sale was not essential to his conviction, for the reason that by the ordinance and R. L. 1905, § 1565, any sale of liquors in any public drinking place by an employee is deemed to be the act of the employer. It is not necessary to determine on this appeal whether the statute applies to a prosecution for the violation of a city ordinance, for the trial court based its judgment upon its finding of fact that the defendant did consent to the sale in this case. It was not necessary to prove the defendant's assent to the sale by direct evidence, for such assent may be shown by proof of circumstances from which the conclusion follows—that the defendant was present in his saloon when the sale was made and must have known it. If he knew the sale was made, he will be presumed to have assented to the particular sale, although he had given orders to his bartenders not to sell to minors. He was master in his own saloon, and responsible for any unlawful sales made by his employees in his presence or with his knowledge.

The young man to whom the alleged sale was made, Arthur Hutchins, who was only eighteen years of age, testified that he, in company with another young man, Elmer Corcoran, went into the defendant's saloon on the evening of December 19, 1908, about nine o'clock, and remained there until about 10:20 o'clock; further, that during that time he purchased from the defendant's bartender a number of glasses, a dozen, including those paid for by Corcoran, of beer, which they drank in the saloon. The testimony of Hutchins was corroborated by that of Corcoran.

The defendant testified that he was the proprietor of the saloon, and in the saloon the night in question from seven to eleven o'clock, and behind the cigar case adjoining the bar most of the time. He further, on cross-examination, testified as follows:

"Q. Do I understand your testimony to be that you know that neither of these two boys were there, or simply you didn't see them there? A. Well, I know most everybody that comes in there, and I know there is very little transient trade. Q. Just answer the question, Mr. Nugent. A. I know they wasn't there from seven o'clock

until eleven. Q. You know that? A. Yes; I know they couldn't be around there an hour without me seeing them. \* \* \* Q. You are sure these two boys were not there? A. Not while I was there. Q. While you were there? Do you know whether this young man has ever been in your place while you were there? A. No; I couldn't swear to that. Q. Why are you more able to swear to the fact of these two boys not being there then than you are in this case? A. Why, if they were there an hour and a half, I would be bound to see them."

He was corroborated by the testimony of other witnesses to the effect that neither of the boys was in the saloon at the time claimed.

Now, if Hutchins and Corcoran were in the saloon, and remained there for the length of time claimed buying and drinking beer, it is clear from the defendant's own testimony that he must have known it, and, if he did, and did not interfere and stop it, he impliedly assented to the sales, and it would be immaterial what general instructions he had given to his bartenders. State v. Mueller, 38 Minn. 497, 38 N. W. 691. It follows that, if the testimony of Hutchins and Corcoran is credible, a question solely for the trial judge, they were in the defendant's saloon, and did buy and drink beer, as claimed, in his presence. We accordingly hold that the evidence is sufficient to sustain the conviction of the defendant of a violation of the ordinance.

Judgment affirmed.