## STATE v. FRANK VOLK.[1]

### November 28, 1919.

### No. 21,533.

**Criminal law—compelling prisoner to plead to new charge.**

>    Where a person is in custody for trial on a criminal charge and a new charge is preferred against him in legal form, of which the court has jurisdiction, the court may require him to plead to such new charge without the formality of the issuance and service of a warrant of arrest.

From a judgment of the municipal court of the city of Mankato, Goff, J., convicting defendant of a violation of a traffic ordinance of that city, he appealed. Affirmed.

*Regan & Grogan,* for appellant.

*Clifford L. Hilton,* Attorney General, and *C. E. Phillips,* County Attorney, for respondent.

[1]Reported in 174 N. W. 883.

HOLT, J.

Defendant was convicted in the municipal court of Mankato of having violated a traffic ordinance of the city and appeals.

The inference from the settled case is that defendant was in custody on some charge growing out of his operation of a Ford automobile upon the streets of the city on May 3, 1919, his trial having been continued from time to time until May 17, at which time the prosecuting attorney preferred an oral complaint against defendant for having violated said ordinance on May 3, and also moved for a dismissal of the proceeding, whatever it might have been, under which he had theretofore been held. The court thereupon directed an officer to "bring in Mr. Volk," and when he was brought the court said: "Come forward, Mr. Volk." Then he addressed the attorney saying: "Mr. Regan, you are attorney for the defendant, do you plead guilty or not guilty?" Mr. Regan responded: "We want to plead not guilty when the proper time comes, but there is no complaint filed and no warrant issued and we object to the jurisdiction of the court in the matter." Some further talk took place between the court and defendant's attorney, in which the latter moved for postponement to prepare for trial; however, all the time insistently challenging the jurisdiction of the court on the grounds stated.

Without stopping to consider whether the principle applied in State v. Fitzgerald, 51 Minn. 534, 53 N. W. 799, should govern here, so that by asking for a continuance he waived the right to raise the question of jurisdiction, we come directly to the only point raised by the appeal, namely: Was the court without jurisdiction of defendant in this case because no warrant had been issued or served therein? No question is made in this court but that the oral complaint made in open court by the prosecuting attorney and entered on its records was as efficacious legally as a formal written verified complaint duly filed. Nor could there well be, for in section 18 of chapter 119, page 358, Sp. Laws 1885, establishing the municipal court of the city of Mankato, it is provided:

"In cases where alleged offenders shall be in custody and brought before the court without process, the clerk shall enter upon the records of the court a brief statement of the offense with which the defendant is charged, which shall stand in place of a complaint, unless the court shall direct a formal complaint to be made."

The defendant here was in custody and was brought before the court without process. The court on the complaint entered had jurisdiction of the offense. "The only function of the warrant in a criminal case is to enable the court to acquire jurisdiction of the person of the defendant by bringing him before the court to answer the charge made against him." State v. Nugent, 108 Minn. 267, 121 N. W. 898. In Commonwealth v. Tay, 170 Mass. 192, it was said: "In our opinion the court had jurisdiction to try the complaint, whether her original arrest was illegal or was authorized by law. If she was illegally arrested, she had her remedy by action for that wrong, and the illegal arrest did not prevent the court from acquiring jurisdiction to try the complaint." State v. Brewster, 7 Vt. 118, and Dow's Case, 18 Pa. St. 37, indicate that, where one accused by a valid indictment or complaint of an offense is brought before a court having jurisdiction thereof and is required to plead thereto, he cannot secure his freedom by showing that he was illegally or forcibly brought into court. And it would seem that while a person is in court on trial, and an indictment in the same court is brought in against him upon another charge, he could be immediately arraigned without serving a warrant of arrest upon him.

We think that since the record indicates that defendant was in custody when the charge on which he was tried was preferred he could properly be required to plead without the formality of issuing and serving a warrant of arrest upon him.

The judgment is affirmed.