# STATE v. ROY CHANDLER.[1]

## March 21, 1924.

## No. 23,853.

**No exemption from serving sentence, even if improperly brought into Minnesota.**

1. A person is not given immunity from prosecution for a criminal offense committed in this state merely because he has been brought into the state in violation of his legal rights.

**Revocation of order suspending sentence.**

2. The courts of this state will not stay their judgment and sentence to imprisonment by stopping to inquire whether the defendant was properly or improperly brought into the jurisdiction of the court. Under section 8498, G. S. 1913, the district court is authorized to revoke, without notice, its order suspending a sentence in a criminal case.

The proceedings in the district court for Dodge county, after the conviction of defendant for grand larceny in the first degree, were as stated in the second, fourth and fifth paragraphs of the opinion. From the order of the district court, Childress, J., quashing the writ of habeas corpus which defendant had obtained, he appealed to the supreme court where the matter came on for trial de novo. Affirmed.

*W. T. Hanzal*, for relator.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *John Swendiman, Jr.*, County Attorney, for respondent.

WILSON, C. J.

The relator procured a writ of habeas corpus to issue in the district court and upon a hearing that court quashed the writ and remanded the relator to the custody of the respondent. The relator has appealed and the matter is here for trial de novo. Reference has been had and the record filed in this court.

[1]Reported in 197 N. W. 847.

Rice Brothers, commission merchants in Chicago, sent relator, then living in Dodge county, Minnesota, $2,000 with which to buy cattle for them and ship to them at Chicago. He bought cattle, but shipped them to South St. Paul and did not turn the proceeds over to Rice Brothers. At the October, 1920, term of court in Dodge county relator was indicted, tried and convicted of grand larceny in the first degree (punishable by imprisonment for not less than one nor more than 10 years. Section 8874, G. S. 1913). He was sentenced to imprisonment in the state prison for a period of not less than one nor more than 5 years. Execution of this sentence was stayed for 40 days. Further stays were granted until April 26, 1921.

Section 8496, G. S. 1913, authorized the suspension of sentence in cases where the maximum penalty did not exceed 5 years in state prison. Chapter 298, p. 363, Laws 1921, approved April 15, 121, changed this to include all cases where the maximum penalty did not exceed 10 years.

On April 26, 1921, the trial court ordered that its sentence theretofore imposed be suspended until the next term of the court (October, 1921), on condition that the relator, by way of restitution, pay $750 in cash to apply on the loss sustained by Rice Brothers, and that he pay them $30 per month until they were paid in full. Relator did not appear at the October, 1921, term, nor at any subsequent term thereof. He made but 4 of the monthly payments. He disappeared and inquiry by the county attorney and by his own counsel did not reveal his whereabouts.

On August 7, 1923, upon the application of the county attorney, the court made an order revoking the order suspending sentence and ordered that a bench warrant issue and commitment be made in accordance with the original sentence. On September 18, 1923, relator was located at Sioux City, Iowa, where he was arrested at the request of Minnesota authorities and the sheriff of Dodge county went to Sioux City, Iowa, armed merely with the bench warrant. The relator upon his detention at Sioux City consulted a local lawyer and concluded to return with the Minnesota sheriff without the formality of extradition and upon reaching the Steele county jail

(where he was kept for Dodge county) in preparation to be taken to the prison at Stillwater, he procured the writ involved in this proceeding.

Upon our view of the record the relator voluntarily accompanied the sheriff to Minnesota; but, upon the version of the relator that he was wrongfully taken from the state of Iowa upon a bench warrant issued by the court in Minnesota, he would not have immunity from prosecution for a crime committed in this state, and the courts of this state will not stay their judgment and sentence to imprisonment by stopping to inquire whether the relator was properly or improperly brought within the jurisdiction of the court. A party cannot procure exemption from serving his sentence upon any such grounds. He is here legally in custody of the state. 12 Cyc. 220; 19 Cyc. 99; 3 Cyc. 890; State v. Fitzgerald, 51 Minn. 534, 53 N. W. 799; State v. Nugent, 108 Minn. 267, 121 N. W. 898; State v. Volk, 144 Minn. 233, 174 N. W. 883; State v. Day, 58 Iowa, 678, 12 N. W. 733; Baker v. State, 88 Wis. 140, 59 N. W. 570.

Relator also claims that the court lost jurisdiction because it revoked its order of suspension of the sentence without notice and that he was legally entitled to a hearing before such revocation could be made. In this contention the relator is wrong. The statute provides for revocation without notice. Section 8498, G. S. 1913 says:

"Before sentence has been indefinitely suspended the court shall have power, in the exercise of its discretion, to revoke the order staying sentence and releasing such person on probation, without notice and at any time or place mentioned in section two [8497] of this act, stating in such order of revocation the reasons therefor; in which case the sentence theretofore imposed shall be executed in all respects as though no proceedings under this act has been taken."

Because of the earnestness of relator's counsel in the assertion that his client had been abused and his legal rights ignored, we have given the record careful scrutiny and conclude that relator has in no way been deprived of his legal rights, but on the contrary he has received extraordinary indulgence, judicial and otherwise,

and that his failure to reciprocate and appreciate opportunities offered has brought him into his present difficulty, which is the natural consequence of his own conduct.

Counsel for relator refers us to the case of Ex Parte Alvarez v. State, 50 Fla. 24, 39 South. 481, 111 Am. St. 102, 7 Ann. Cas. 88, to support the claim that the relator is entitled to a hearing on the question of his having violated the conditions accompanying the suspended sentence, but this case gives the common law rule applicable to one holding a conditional pardon in the absence of statute. It is not necessary for us to consider whether the rule applicable to a conditional pardon is applicable to a suspended sentence. If such should be the case, the statute above quoted abrogates such common law rule and this statute is ample authority to support the action of the trial court in revoking the order suspending sentence.

The order appealed from is affirmed.