STATE EX REL. CARL T. SCHWANKE v. L. F. UTECHT.[1]

March 22, 1951.

No. 35,505.

[1]Reported in 47 N. W. (2d) 99.

*Alfred A. Donaghue* and *John R. Carey,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *Ralph A. Stone,* Assistant Attorney General, for respondent as warden of the State Prison.

MATSON, JUSTICE.

Upon relator's appeal from an order of the district court denying his petition for a writ of habeas corpus, respondent moves for a dismissal of the appeal.

On March 24, 1948, a sworn complaint was made and filed in the municipal court of Mankato, Minnesota, charging that appellant committed the crime of carnal knowledge with a female child on or about October 20, *1946.* Subsequently a warrant was issued on the basis of the complaint alleging that the above crime was committed on October 20, *1948.* Appellant was arrested and

brought before the municipal court, where he waived the reading of the complaint and the preliminary hearing but reserved the privilege of returning and asking for such hearing later. Thereafter, on March 24, 1948, he made a written application to the court *stating that he wished to plead guilty* and that he desired the court to issue an order directing the county attorney to file an information against him for such crime of carnal knowledge. The order was issued. Appellant was thereupon bound over to the district court.

We are not advised as to what occurred between March 24, 1948, and April 8, 1948—the date sentence was imposed. It appears, however, from the transcript of the proceedings before the district court on April 8, 1948, that prior thereto an information had been filed and that upon arraignment appellant entered a plea of guilty. On the day of sentence, Carl W. Peterson was formally appointed counsel for appellant, and appellant was sentenced upon his plea of guilty for the crime of carnal knowledge committed on October 20, 1946.

Appellant asserts that he was illegally convicted upon the following grounds:

(a) That he was sentenced without a plea of guilty or without a verdict of guilty by a jury.

(b) That his arrest was illegal in that the warrant under which he was arrested charged the commission of a crime on October 20, *1948,* whereas the complaint upon which the warrant was based alleged the commission of a crime on October 20, *1946*.

(c) That he did not have the assistance of counsel.

■ Appellant's contention that sentence was imposed without a formal plea of guilty is without merit. If we were to hold otherwise, we should be exalting the shadow of a meaningless technicality for substance. Although the record may not contain, as it should, a formal plea of guilty, an adjudication of guilt based on such a plea is not subject to attack if the record of the proceedings leading to the sentence of the accused unmis-

takably establishes that he did in fact plead guilty. In appellant's written application to the court for an order directing that an information be filed against him, he expressed the *desire* to plead guilty. That he subsequently did plead guilty sufficiently appears from the recorded proceedings on the day he was sentenced. Immediately before sentence was imposed, before the court and *in the presence of appellant,* the county attorney in moving for the imposition of sentence said that relator "has made his request to plead guilty, *and he has so plead."* (Italics supplied.) The court then sentenced appellant in the following words:

"You, Carl T. Schwanke, *upon your own plea of guilty* stand convicted of the crime of carnal knowledge of a female child, said crime having been committed on the 20th day of October, 1946." (Italics supplied.)

The warrant, pursuant to which appellant was arrested and brought before the court, erroneously stated that the crime was committed on October 20, *1948.* The complaint, information, and sentence, however, all gave the correct date as October 20, *1946.* The typographical error in the warrant did not deprive the court of its jurisdiction. A warrant in a criminal case has the sole function of giving the court jurisdiction over the person of the accused *by bringing him in person before the court to answer the charge made against him;* and, once the accused is before the court, the warrant becomes wholly inoperative and any defect therein ceases to be material. State v. Nugent, 108 Minn. 267, 121 N. W. 898; State v. Binder, 190 Minn. 305, 251 N. W. 665; 2 Dunnell, Dig. & Supp. § 2433. The warrant itself confers no jurisdiction. Jurisdiction over the person has its commencement with, and its sole foundation in, the actual presence of the accused before the court. It has been held that, once a court has acquired jurisdiction over the person of the accused, such jurisdiction is not subject to attack because no warrant was issued,[2] or the warrant was technically defective in that, for example, it contained

[2]State v. Nugent, 108 Minn. 267, 121 N. W. 898.

no specification as to bail,[3] or the warrant related to a different criminal charge from that upon which the accused was tried,[4] or the arrest of the accused was illegal,[5] or he was illegally brought into the state.[6] Under the complaint, the court had jurisdiction of the offense, and by his presence in court jurisdiction was acquired over the person. We do not mean to say that in the event of an illegal arrest there may not be, in certain cases, a remedy by appropriate action for that wrong. Furthermore, aside from the immateriality of the defect or typographical error in the warrant of arrest, appellant, by reason of his plea of guilty, is in no position to challenge the jurisdiction of the court. By entering a plea of either guilty or not guilty in a criminal prosecution, a person waives objection to the jurisdiction of the court over his person. State v. Warner, 165 Minn. 79, 205 N. W. 692; State ex rel. Brown v. Fitzgerald, 51 Minn. 534, 53 N. W. 799; 2 Dunnell, Dig. & Supp. § 2421.

■ Was appellant denied the assistance of counsel in violation of Minn. Const. art. 1, § 6, and in violation of the due process clause of both Minn. Const. art. 1, § 7, and U. S. Const. Amend. XIV? It is elementary that the right to counsel guaranteed by U. S. Const. Amend. VI, has no application to a state criminal prosecution.[7] Minn. Const. art. 1, § 6, gives the defendant the right to have the assistance of counsel in his defense.[8] It is also provided by M. S. A. 630.10 that:

"If the defendant shall appear for arraignment without counsel, he shall be informed by the court that it is his right to have

[3]State v. Binder, 190 Minn. 305, 251 N. W. 665.

[4]State v. Volk, 144 Minn. 223, 174 N. W. 883.

[5]Commonwealth v. Tay, 170 Mass. 192, 48 N. E. 1086, cited with approval in State v. Volk, *supra*.

[6]State v. Chandler, 158 Minn. 447, 197 N. W. 847.

[7]Gaines v. Washington, 277 U. S. 81, 85, 48 S. Ct. 468, 469, 72 L. ed. 793, 795; State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328.

[8]Opinion Attorney General, No. 605-A-4, July 31, 1931 (section does not require court to inform defendant).

counsel *before being arraigned,* and shall be asked if he desires the aid of counsel." (Italics supplied.)

It goes without saying that good practice not only requires that the court, before arraignment, inform the defendant, *in precise terms,* of his constitutional right to the assistance of counsel but that such informative action by the court *be made a matter of record.* State v. McDonnell, 165 Minn. 423, 206 N. W. 952. Here the record does not show that appellant had counsel at his arraignment or that, if in fact he then had no counsel, the court informed him of his constitutional right thereto. He admits that the sheriff told him that Carl W. Peterson would represent him as his attorney. Obviously the sheriff's statement was not a compliance with the statute. In the order directing the county attorney to file an information against appellant for the crime, the name of Carl W. Peterson as counsel for defendant by court appointment was stricken, and no other name was substituted. The record does, however, show that the court on the day of sentence appointed Carl W. Peterson as attorney for appellant. After the appointment the court asked:

"Q. * * * Have counsel anything to say before sentence is imposed?"

Mr. Peterson replied:

"Nothing beyond what has been explained to the court in chambers."

In other words, immediately before his sentence appellant was provided with an attorney. That such attorney had, *prior* to such official appointment, given thought and consideration to appellant's case is indicated by his reply to the court that he had nothing to say *"beyond what had been explained to the court in chambers."* (Italics supplied.) In the light of all these circumstances, was appellant denied due process of law by reason of the failure of the court to inform him prior to arraignment of his right to counsel as required by § 630.10?

■ · It is not every denial of statutory right, or of constitutional right, that violates the due process clause of Minn. Const. art. 1, § 7, and U. S. Const. Amend. XIV, so as to deprive the trial court of its jurisdiction to proceed and thereby render its judgment void and subject to collateral attack in a habeas corpus proceeding. The denial of certain constitutional rights—as well as certain statutory rights—*where the right to due process of law is left unimpaired,* is not fatal to the jurisdiction of the court, *and the error resulting from such denial is · to be corrected through appeal and not by resorting to the extraordinary remedy of habeas corpus.* The purpose of the right to counsel is to protect the accused from a conviction resulting from his own ignorance of his legal and constitutional rights. State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328. The denial to appellant of the assistance of counsel at and prior to his arraignment did not result in a violation of due process, in that from the time immediately prior to his sentence he did have the help of counsel and therefore still enjoyed the benefits of due process of law through a timely and proper exercise of his right to appeal. It is to be presumed that in acting through such attorney he acted advisedly for his own best interest. See, State ex rel. Baker v. Utecht, *supra.*[9]

■ It is elementary that habeas corpus may not be used as a substitute for a writ of error or appeal or as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant, and this principle is applicable even though defendant has permitted the time for appeal to elapse. State ex rel. Baker v. Utecht, *supra;* State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229; 25 Am. Jur., Habeas Corpus, §§ 13 and 14. If the

---

[9]As to the denial of counsel under the due process clauses—and as to the intentional and competent waiver of counsel by the accused—see Betts v. Brady, 316 U. S. 455, 62 S. Ct. 1252, 86 L. ed. 1595; Graham v. Squier (9 Cir.) 132 F. (2d) 681; Annotation, 146 A. L. R. 369.

trial court had jurisdiction of the offense and of the defendant, it is only where extraordinary circumstances surrounding the trial make it a sham and a pretense rather than a real judicial proceeding that habeas corpus will lie on the ground that the judgment is a nullity for want of due process, and this is true even though there is a claim of denial of constitutional rights. State ex rel. Dunlap v. Utecht, 206 Minn. 41, 46, 287 N. W. 229, 232.

We have not overlooked the failure of the clerk of the court to comply with § 640.10 with respect to the furnishing of certain commitment papers when a convict is sentenced to the state prison. The statute need not be considered in that it has no connection with the jurisdiction of the court. The trial court's order denying appellant's petition for a writ of habeas corpus is affirmed.

Affirmed.