## STATE EX REL. DOUGLAS BRUNO MAY v. EDWIN T. SWENSON.[1]

July 30, 1954.

No. 36,413.

---

[1]Reported in 65 N. W. (2d) 657.

■■■■■■■■■■

*Douglas Bruno May, pro se,* for appellant.

MATSON, JUSTICE.

Relator appeals from a district court order (1) granting a motion to quash a writ of habeas corpus issued in his behalf and (2) remanding him to the custody of the respondent.

In 1936, relator was arrested for the murder of his wife. Within a few hours after arrest he had signed a confession admitting the killing. Thereafter he was indicted for first degree murder, a charge to which he pleaded not guilty. At the arraignment the court assigned the public defender, Jerome Jackman, to act as relator's counsel. Later, in open court, relator pleaded guilty to second degree murder at which time the prosecution for first degree murder was dropped. Relator was given a life sentence and incarcerated in Stillwater prison, where he is still confined.

Relator's petition in effect alleges that (1) he was denied and was not informed of his right to the assistance of a counsel *of his own choice,* and that (2) his confession of guilt was induced by coercion and his plea of guilty to second degree murder was obtained by trickery, and that therefore his judgment of conviction is void and a nullity for want of due process under Minn. Const. art. 1, § 7, and U. S. Const. Amend. XIV. Other than lack of jurisdiction for want of due process, there is no contention that the court which convicted him lacked jurisdiction over his person or over the subject matter.[2]

---

[2] See, State ex rel. Schwanke v. Utecht, 233 Minn. 434, 438, 440, 47 N. W. (2d) 99, 102, 103; State ex rel. Dunlap v. Utecht, 206 Minn. 41, 46, 287 N. W. 229, 231.

Plaintiff admits that when he appeared before the court and pleaded guilty he was represented by counsel appointed by the court. He contends, however, that he was not informed that he had the right to counsel *of his own choice* and that therefore he was denied due process. His contention is without merit. If relator had been denied counsel entirely, there is little doubt that, in the absence of an intelligent waiver, the court would have lost jurisdiction and the conviction would have been void.[3] Here, however, relator at all crucial times was represented by a lawyer appointed by the court.[4] It is not to be overlooked that it is not every denial of constitutional or statutory right (M. S. A. 630.10) that violates the due process clause of Amend. XIV so as to deprive the court of its jurisdiction and subject its judgments to collateral attack in a habeas corpus proceeding.[5] Under the circumstances here existing, relator was not denied due process simply because counsel was not of his own choice. The lawyer appointed for him was able and experienced. Relator had the opportunity to consult, and did consult, with him in arriving at the conclusion that he should plead guilty. Relator admittedly "went along" with such lawyer and accepted him without protest. It is to be presumed that in acting through such attorney he acted advisedly for his own best interests.[6]

[3] Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. ed. 1461, 146 A. L. R. 357; Smith v. O'Grady, 312 U. S. 329, 61 S. Ct. 572, 85 L. ed. 859; Williams v. Kaiser, 323 U. S. 471, 65 S. Ct. 363, 89 L. ed. 398; Powell v. Alabama, 287 U. S. 45, 53 S. Ct. 55, 77 L. ed. 158, 84 A. L. R. 527; State ex rel. Baker v. Utecht, 221 Minn. 145, 151, 21 N. W. (2d) 328, 332, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034; State ex rel. Schwanke v. Utecht, 233 Minn. 434, 438, 47 N. W. (2d) 99, 102.

[4] That relator may have been without counsel when he was arraigned is not a fatal defect as was decided in State ex rel. Schwanke v. Utecht, 233 Minn. 434, 440, 47 N. W. (2d) 99, 103; Dorsey v. Gill, 80 App. D. C. 9, 148 F. (2d) 857, certiorari denied, 325 U. S. 890, 65 S. Ct. 1580, 89 L. ed. 2003.

[5] State ex rel. Baker v. Utecht, 221 Minn. 145, 150, 21 N. W. (2d) 328, 331, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034; State ex rel. Schwanke v. Utecht, *supra.*

[6] See, State ex rel. Schwanke v. Utecht, *supra;* State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034.

The purpose of the right to counsel is to protect the accused from a conviction resulting from his own ignorance of his legal and constitutional rights. Relator here was protected by counsel. There is nothing in the record or otherwise to indicate that the public defender appointed by the court did not devote himself to the best interests of the relator. Any unintentional errors which may have been made by counsel in defense does not open up the conviction to attack by habeas corpus. Shaw v. Utecht, 232 Minn. 82, 85, 43 N. W. (2d) 781, 784, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627. Under the circumstances, even if we assume as a fact that relator was not permitted to obtain a counsel *of his own choice,* there has been no denial of the basic constitutional right to counsel and hence no want of due process upon which to base a writ of habeas corpus.

■■■ Relator's allegation that he was not informed of his right to, and was therefore denied, counsel of his own choice fails for the further reason that:

"Allegations in a petition for a writ of habeas corpus and the traverse of the return thereto and unsworn statements at the hearing on a writ and in a brief do not constitute proof of facts which they assert. Controverted questions of fact in habeas corpus proceedings must be proved the same as in other legal proceedings." Willoughby v. Utecht, 223 Minn. 572, 575, 27 N. W. (2d) 779, 781, 171 A. L. R. 535.

Relator's allegation is denied in the return which sets out a prima facie case in support of the jurisdiction of the court to sentence relator to prison. In the face of a return which sets out a prima facie case in support of the jurisdiction of the court to sentence relator to prison, it is the burden of a relator to prove the facts which in his application he asserts invalidate the court's sentence[7]

[7]Zahn v. Hudspeth (10 Cir.) 102 F. (2d) 759, certiorari denied, 307 U. S. 642, 59 S. Ct. 1045, 83 L. ed. 1522; Rosenberg v. Carroll (S. D. N. Y.) 99 F. Supp. 630; People ex rel. Kenny v. Adams, 292 N. Y. 65, 54 N. E. (2d) 10; Willoughby v. Utecht, 223 Minn. 572, 575, 27 N. W. (2d) 779, 781, 171 A. L. R. 535; 8 Dunnell, Dig. (3 ed.) § 4138a; 39 C. J. S., Habeas Corpus, § 100a.

since bald assertions, without more, are insufficient to overcome the presumption of regularity which attaches to a judgment of the court.[8] In the instant case, relator offers no proof of his allegations that he was denied the right to pick his own counsel. Here the record establishes the appointment of counsel, and in the absence of proof to the contrary, it will be presumed that the court informed relator of his right to choose his own lawyer, that he was either unable or unwilling to do so, and that the court was justified in providing him with counsel.[9]

These same principles apply to the other issues raised by relator. His claim of promises, unjustified persuasion, and trickery resulting in his signing a confession and pleading guilty to second degree murder are unsupported by the record or by any extrinsic evidence other than a newspaper picture which merely shows that, at the time of signing the confession, he had a type of manacle on his wrist or hand. The claims of persuasion and trickery in gaining the confession were denied under oath by the officer in charge of the interrogation. Furthermore relator, who was represented by counsel, could have repudiated the confession in open court had he so desired. Dorsey v. Gill, 80 App. D. C. 9, 28, 148 F. (2d) 857, 876, certiorari denied, 325 U. S. 890, 65 S. Ct. 1580, 89 L. ed. 2003. In such a situation relator's unsupported statements are not sufficient to overcome the presumption of the regularity of the proceedings. People ex rel. Welch v. Slattery, 179 Misc. 899, 38 N. Y. S. (2d) 11; Smith v. Lawrence (5 Cir.) 128 F. (2d) 822, certiorari denied, 317 U. S. 633, 63 S. Ct. 62, 87 L. ed. 510.

Relator's claims that he did not understand the nature of his plea of guilty to second degree murder and that he did not know of his right to a jury trial are wholly unsupported. The record shows

[8]Willoughby v. Utecht, *supra;* Lewis v. Johnston (9 Cir.) 112 F. (2d) 451; Franzeen v. Johnston (9 Cir.) 111 F. (2d) 817; People ex rel. Kruger v. Hunt, 257 App. Div. 917, 12 N. Y. S. (2d) 167.

[9]Creel v. Hudspeth (10 Cir.) 110 F. (2d) 762; People ex rel. Kennedy v. Hunt, 21 N. Y. S. (2d) 302, affirming 257 App. Div. 1039, 13 N. Y. S. (2d) 816; People ex rel. Blake v. Foster, 83 N. Y. S. (2d) 571; 39 C. J. S., Habeas Corpus, § 100; 25 Am. Jur., Habeas Corpus, § 150.

that his plea of guilty was made in open court *and with advice of counsel.* It is apparent that relator understood the nature of such a plea for he had previously pleaded not guilty to a first degree murder charge and upon advice of counsel pleaded guilty to second degree murder. That it may have been better tactics to stand trial is not a question which can be raised in a habeas corpus proceeding. See, Shaw v. Utecht, 232 Minn. 82, 86, 43 N. W. (2d) 781, 784, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627. No proof is offered of any of relator's claims beyond his own statements.

■ It is elementary that the writ of habeas corpus may not be used as a substitute for a writ of error or appeal or as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant. The writ of habeas corpus as a safeguard against official oppression must be preserved in its full vigor but in so doing it is not to be overlooked that the use of the writ may be abused with serious consequences. It is well to bear in mind what the court said in Dorsey v. Gill, 80 App. D. C. 9, 26, 148 F. (2d) 857, 874 (certiorari denied, 325 U. S. 890, 65 S. Ct. 1580, 89 L. ed. 2003) :

"* * * If the presumption of regularity of proceedings were permitted to be lightly upset by irresponsible allegations, the judges, to whom petitions for writs of habeas corpus are presented, would be forced to look back of and beyond records, into unreported proceedings, conducted by other judges, with witnesses, lawyers and other court officers long since dead or scattered. *The problem would be intensified, also, by the fact that a large percentage of commitments are based upon pleas of guilty. A premium would be placed upon deception if an accused person could plead guilty; wait until the case had become 'cold' and then, by challenging jurisdiction or alleging deprivation of constitutional rights, secure a reopening and new trial of his case.* If greater safeguards are needed in original proceedings, they should be provided. But it will not solve any problem, which may exist there, to permit large-scale use of this extraordinary writ for review purposes. Instead, it would cause confusion worse confounded. It would be fantastic, so to interpret

the Supreme Court's decisions as to permit and invite such a wholesale retrial of thousands of cases which have been regularly disposed of during the normal course of trial court proceedings. Obviously the Supreme Court intended no such result." (Italics supplied.)

Relator has not been denied due process of law and is now detained in prison under a valid sentence of a competent court having jurisdiction.

The order of the trial court is affirmed.

Affirmed.