# STATE EX REL. ERNEST GEORGE ADAMS v. DOUGLAS C. RIGG.

89 N. W. (2d) 898.

April 25, 1958—No. 37,496.

284

*Ernest George Adams,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

MATSON, JUSTICE.

Motion by the state to dismiss relator's appeal from an order of the

district court denying his petition for a writ of habeas corpus.

■ If the allegations of plaintiff's petition for a writ of habeas corpus, when admitted to be true after construing them liberally in favor of the petitioner, do not establish prima facie facts which would justify his discharge, a motion for the denial of the petition should be granted. A person deprived of his liberty pursuant to a sentence of a court of record is not entitled to a writ of habeas corpus merely for the asking.[1] A motion for the denial of a petition for a writ tests the sufficiency of the allegations of the petition and should be granted if the petition fails to state a claim upon which relief can be granted.[2] In this respect a motion for denial, like a motion to quash a writ once issued, serves the function of the old demurrer to test the sufficiency of the pleadings.[3]

■ In passing on the sufficiency of the pleadings it must be borne in mind that, in order to justify the issuance of a writ of habeas corpus, the relator, who has the burden of proof, must show not only a statutory violation but also that such violation was so materially prejudicial as to deprive him of a fair trial, and further that the resulting error could not have been corrected by a timely exercise of an existing and available right of appeal. Since it is not the function of this court, in considering an application for writ of habeas corpus, to demonstrate or prove that any one or more alleged errors were nonprejudicial, the writ may be summarily denied where it appears from the record as a whole that relator has had a fair trial. In State ex rel. Schwanke v. Utecht, 233 Minn. 434, 440, 47 N. W. (2d) 99, 102, this court pointed out that:

"It is not every denial of statutory right, or of constitutional right, that violates the due process clause of Minn. Const. art. 1, § 7, and U. S. Const. Amend. XIV, so as to deprive the trial court of its jurisdiction to proceed and thereby render its judgment void and subject to

[1]State ex rel. Sherin v. Goss, 73 Minn. 126, 75 N. W. 1132.

[2]See, Rule 12.02, Rules of Civil Procedure. Habeas corpus is a civil remedy, separate and apart from the criminal action. Breeding v. Swenson, 240 Minn. 93, 60 N. W. (2d) 4.

[3]See, State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034.

collateral attack in a habeas corpus proceeding. The denial of certain constitutional rights—as well as certain statutory rights—*where the right to due process of law is left unimpaired,* is not fatal to the jurisdiction of the court, *and the error resulting from such denial is to be corrected through appeal and not by resorting to the extraordinary remedy of habeas corpus.*"

In the light of these principles we turn to a consideration of relator's petition (inclusive of the exhibits attached thereto as a part thereof) to ascertain whether any of the allegations establish operative facts which, if true, would justify plaintiff's discharge.

■■■ There is no merit in relator's allegation that the trial court had no jurisdiction to sentence him because his initial arrest was made, allegedly in contravention of M. S. A. 629.34, without a prior issuance of a complaint or warrant by a magistrate. Jurisdiction over a person has its commencement with, and its sole foundation in, the actual presence of the accused before the court without regard to the issuance or nonissuance of any warrant of arrest. Once a court has acquired jurisdiction over the person of the accused, such jurisdiction is not subject to attack because no warrant was issued, or because the warrant was defective or because of any other irregularity in the manner of his arrest.[4] The only function of a warrant is to bring the person of the accused before the court to answer the charge against him. It is also not to be overlooked that an accused by entering a plea of either guilty or not guilty in a criminal prosecution waives objection to the jurisdiction of the court over his person.[5]

■■■ Although relator does not assert as a fact that he was not afforded a preliminary arraignment or examination before a committing magistrate, he does allege in substance that the record is silent as to whether such an arraignment and preliminary hearing was ever held. Regardless

---

[4]See, State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99; State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441; State v. Nugent, 108 Minn. 267, 121 N. W. 898; State v. Binder, 190 Minn. 305, 251 N. W. 665; 5 Dunnell, Dig. (3 ed.) § 2433.

[5]State ex rel. Schwanke v. Utecht, *supra;* State v. Warner, 165 Minn. 79, 205 N. W. 692; State ex rel. Brown v. Fitzgerald, 51 Minn. 534, 53 N. W. 799; 5 Dunnell, Dig. (3 ed.) § 2421.

of how relator's allegation is to be construed, it has no merit. A defendant who has been convicted of a felony and sentenced by a court of competent jurisdiction may not raise the objection upon habeas corpus that there was no preliminary examination. State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441.

■ Relator asserts that he was denied due process of law because he was not arraigned in the manner provided by § 630.01. The record reveals that relator appeared in person before the court and was then and there represented by counsel. The information charging him with having committed the crime of rape was read to him by the county attorney and he plead to the information as read. A formal arraignment is not a requirement of due process of law,[6] and there is a sufficient compliance with § 630.01 if the information charging the accused with the commission of a crime is read to him by the county attorney and the accused pleads to the information as so read.

■ Relator further contends that he was denied due process of law and that he was not informed by the court, as required by § 630.10, of his right to have counsel *before being arraigned* and that he was not asked if he desired the aid of counsel. This contention is without merit. The record shows that at the time of his arraignment he was, in fact, represented by counsel previously appointed by the court. Although § 630.10 provides that he shall be informed of his right to counsel *before arraignment*, and assuming that he was not so informed, the omission did not deprive him of due process of law since at the actual time of his arraignment and immediately prior to his sentence, he did have the help of counsel and, therefore, still enjoyed the benefits of due process of law through a timely and proper exercise of his right to appeal. It is to be presumed that, in acting through such attorney, he acted advisedly for his own best interest.[7]

■ We have, however, the further contention that relator's court-appointed counsel performed his duties in such a perfunctory manner

---

[6]Garland v. Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. ed. 772; 5 Dunnell, Dig. (3 ed.) § 2439a; 14 Am. Jur., Criminal Law, § 252.

[7]See, State ex rel. Baker v. Utecht, *supra;* State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99.

that relator had no more benefit therefrom than he would have had from the presence of an ashtray. The bare assertion that the attorney of an accused is incompetent is of no juridical significance. Relator, with his counsel present, entered a definite and unequivocal plea of guilty. In other words, we do not here have the situation that arose in State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723, wherein the defendant prior to sentence indicated that he did not know whether he was guilty of an intent to commit the act with which he was charged. Defendant's equivocal statement in open court in the Dehning case indicated he had not had the benefit of adequate prior consultation with his attorney. In the instant case, however, aside from relator's bare and unsupported assertion of incompetence, there is nothing in the record to indicate that relator was deprived of a reasonable opportunity to consult with his attorney, or that his attorney had failed to advise him as to his rights. In the absence of an affirmative showing to the contrary, there is a controlling presumption that court-appointed counsel in a criminal case not only has consulted with his client, the accused, but also has in good faith advised him of his rights in entering a plea of guilty or not guilty. In cases involving the nonjurisdictional issue of whether a trial court erred in denying a new trial, we have uniformly held that a new trial may be granted only in the exceptional cases where the accused has been deprived of a fair trial because of the misconduct, fraud, or incompetence of his counsel.[8] Clearly, absent infidelity on the part of his attorney, a defendant should not be permitted to urge the ignorance or incompetence of, or mismanagement by, his attorney as a ground for a new trial, even in a criminal case, *unless there be a strong showing of both incompetence* and prejudice.[9]

Upon the record we find compliance with § 628.32. The mere fact that relator appeared before the court in the judge's chambers, and not in the courtroom, does not of itself constitute a jurisdictional defect.

---

[8]State ex rel. Butler v. Swenson, 243 Minn. 24, 66 N. W. (2d) 1; State v. Lindstrom, 180 Minn. 435, 231 N. W. 12; State v. Gleeman, 170 Minn. 197, 212 N. W. 203.

[9]State v. Gorman, 219 Minn. 162, 170, 171, 17 N. W. (2d) 42, 46, 47, and cases cited therein.

Clearly, in this case the judge's chambers were used as a courtroom.

10. The judgment of the trial court shows that relator plead guilty to having committed the crime of rape and that as a punishment therefor he was sentenced to be confined in the state prison until duly discharged therefrom by law. Relator also plead guilty to prior convictions of felonies for which he was also sentenced to be confined in the state prison until discharged by law. Assuming that the trial court erred in failing to comply with § 610.31, which provides for increased punishment for conviction of prior felonies and not for a separate sentence, such error does not invalidate his sentence for the crime of rape. What this court said in State ex rel. Richter v. Swenson, 241 Minn. 414, 416, 63 N. W. (2d) 265, 266, certiorari denied, 347 U. S. 979, 74 S. Ct. 792, 98 L. ed. 1117, is applicable and controlling:

"It is obvious that relator has not served the minimum sentence prescribed for the offense. He has raised no objection to his conviction of the crime for which he is now in prison. His application for a writ is based on alleged irregularities in imposition of sentence based on prior convictions. There can be no doubt that the court had jurisdiction over relator and the subject matter of the cause. Even if the court erroneously imposed a sentence greater than was permitted by law, the sentence is valid except as to the excess which the statute does not authorize. State ex rel. Carmody v. Reed, 132 Minn. 295, 156 N. W. 127; State ex rel. Petcoff v. Reed, 138 Minn. 465, 163 N. W. 984; Shaw v. Utecht, 232 Minn. 82, 43 N. W. (2d) 781. Until he has served at least the minimum sentence prescribed by law for the crime of which he has been convicted, relator is not entitled to a writ of habeas corpus."

Until relator has served the minimum term provided for by § 617.01, his application on this ground, as well as for other irregularities, is premature. State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441.

Relator's petition is denied.

Petition denied and appeal dismissed.