STATE EX REL. CURTIS EDWARD FIFE v. R. H. TAHASH.

111 N. W. (2d) 619.

November 17, 1961—No. 38,315.

*Curtis Edward Fife,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Henry H. Feikema,* Special Assistant Attorney General, for respondent, acting warden of State Prison.

DELL, CHIEF JUSTICE.

This is an appeal from an order denying relator's petition for a writ of habeas corpus.

On December 27, 1956, relator was arraigned in the District Court of Ramsey County on an information charging him with the crime of sodomy. He entered a plea of guilty to the offense charged, whereupon the court, as punishment therefor, sentenced him to confinement in the State Prison for an indeterminate period, all as provided by law.

In his petition relator contends that he was denied due process in the following respects: That the police obtained a statement from him by coercion; that he was brought before a magistrate after 3 days of incarceration without counsel; that he was not adequately represented by his attorney; and that he had a valid defense which his lawyer did not assert.

■ The writ of habeas corpus, although a writ of right, does not issue as a matter of course. It was incumbent upon relator to set forth in his petition sufficient facts to establish a prima facie case for his discharge. State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898, certiorari denied, 358 U. S. 899, 79 S. Ct. 224, 3 L. ed. (2d) 149; State ex rel. Pontius v. Rigg, 251 Minn. 164, 86 N. W. (2d) 726. The petition here contains no factual allegations which, in view of relator's plea, could constitute a denial of due process. For the most part it consists of unsupported conclusions of law.

■ Even though we are not required to do so, we have carefully reviewed the record since the relator appears here pro se, and it appears therefrom that the petition is not only insufficient on its face but finds no support in the record at all. The record shows that at the time of his arraignment and sentence the accused appeared with coun-

sel of his own choosing and it is presumed that he was advised as to his constitutional rights. State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657; State ex rel. Butler v. Swenson, 243 Minn. 24, 66 N. W. (2d) 1. Relator testified at great length regarding the circumstances surrounding the offense. He not only freely admitted the offense but persisted in giving unsolicited testimony concerning the details of other numerous homosexual activities, mostly involving young children. At no time did he assert any claim of coercion. His counsel diligently presented a plea for clemency and sought psychiatric assistance for him. It was not until the accused had been given the right to tell everything that he cared to, not only about this but other similar offenses, that sentence was imposed, and the record clearly shows that the sentence was in all respects proper.

The petition is sham and frivolous and it was properly denied by the district court without a hearing.

Affirmed.

MR. JUSTICE OTIS, having presided at the time of relator's conviction, took no part in the consideration or decision of this case.