IN RE FRED SINERIUS, PETITIONER.
No. 9482.
Decided December 4, 1954.
276 Pac. (2d) 972.

Fred Sinerius pro se.

MR. CHIEF JUSTICE ADAIR:

This is a habeas corpus proceeding in which Fred Sinerius, petitioning pro se, seeks his release from the Montana state prison.

*Petition.* In his petition Sinerius recites: That on February 17, 1948, he was illegally arrested without a warrant at his home at Elliston, in Powell County, Montana, by sheriff and other law officers of Lewis and Clark County, Montana; that such officers then and there took him into their custody and transported him to Helena, Montana, where he was confined in the Lewis and Clark County jail until May 13, 1948, on which date he was committed to the state's prison; that he is being illegally detained and deprived of his liberty in the state's prison; that he is in the custody of the warden of such prison by virtue of a judgment of conviction rendered against him May 8, 1948, in the district court of Lewis and Clark County; that his detention is illegal because of the fact that he was deprived of his liberty without due process of law; that he was not formally charged or served with written process issued under oath and affirmation subsequent to his detention or prior to the filing of the information under which he was convicted; that there is no warrant of arrest on file at this time in the office of the clerk of the district court of Lewis and Clark County authorizing petitioner's arrest and finally that he "was not charged with the commission of a crime in Lewis and Clark County and therefore no legal cause can be shown by the State of Montana that would justify the petitioner's detention."

The prayer is for the issuance of a writ of habeas corpus returnable before this court and for an order granting petitioner an absolute discharge from custody.

*Facts.* The records and files of the district court of Lewis and Clark County, Montana, disclose the following facts:

On February 20, 1948 upon leave of court first obtained, the county attorney of Lewis and Clark County filed in the district court of that county an information charging the petitioner with the crime of statutory rape committed in the County of Lewis and Clark, in the State of Montana, in that the defendant Fred Sinerius did there, on or about February 16, 1948, accomplish an act of sexual intercourse upon a female child who was but twelve years of age.

On February 20, 1948, the defendant Sinerius appeared in open court without counsel where he was delivered a copy of the information and arraigned at which time, after being advised by the court of his right to be represented by counsel, he expressly waived counsel and the time for entering his plea and entered a plea of not guilty to the charge against him as set forth and contained in the information.

On February 27, 1948, W. E. Keeley, Esq., J. A. McElwain, Esq., and Maurice J. MacCormick, Esq., qualified and licensed attorneys at law and members of the bar of this court, caused their names to be entered in the district court as counsel for the defendant Sinerius. Next, on application of his counsel, the district court allowed defendant to withdraw his plea of ''not guilty'' to the accusation and to interpose a demurrer to the information so filed on February 20, 1948.

On April 26, 1948, the county attorney applied for and was granted leave to file an amended information against the defendant Fred Sinerius charging him with the crime of statutory rape committed on or about February 16, 1948, in the County of Lewis and Clark, Montana, upon said twelve-year-old female child.

Also on April 26, 1948, and following the filing of such amended information the defendant Sinerius, accompanied by his said

counsel, was arraigned, at which time the defendant and his counsel waived the reading of the amended information,—waived the statutory time to plead thereto and entered a plea of not guilty.

On May 3, 1948, the cause came on for trial before the district court and a jury upon the amended information and defendant's plea of not guilty. The trial concluded on May 8, 1948, on which date the defendant Sinerius was found guilty by the jury's verdict wherein the jury also fixed defendant's punishment at 39 years in the state's prison.

On May 13, 1948, the district court pronounced sentence in accordance with the jury's verdict whereupon defendant's counsel interposed a motion in arrest of judgment, which motion was denied and Sinerius was committed to state's prison to serve such sentence, being received at such prison on May 14, 1948, where he has since been confined. No appeal was taken from the judgment of conviction and the time allowed by law for so doing has long since expired.

The objection that the arresting officers had no warrant for his arrest when Sinerius was taken into custody was made by the defendant for the first time on March 23, 1954, at which time he petitioned the district court of Powell County, Montana, for a writ of habeas corpus on the same grounds here urged. On April 5, 1954, the district court held a hearing on the petition following which it entered an order denying the petition and dismissing the proceeding.

In State v. Nugent, 108 Minn. 267, 121 N. W. 898, 899, a convicted defendant on his appeal claimed: " 'The judgment is not the culmination of a trial predicated upon due process of law, and its enforcement would deprive the defendant of his liberty or property, in violation of the provision of the Constitution referred to in the assignments of error.' " In disallowing the claim so made the appellate court said: "The only basis for this seemingly weighty proposition is the simple fact that no warrant was issued to bring the defendant into court to answer the charge made against him. The judgment recites that he pleaded not guil-

ty to the charge, and there is nothing in the record contradicting this recital of the judgment. The objection that no warrant for his arrest was issued is made for the first time in this court. If it be true, as the defendant claims, that the issuing of a warrant to bring him into court was a condition precedent to the acquisition of jurisdiction by the court to hear and determine the case, notwithstanding the defendant voluntarily appeared, the question of jurisdiction may be raised for the first time in this court. The claim, however, is without merit."

In People v. Wilson, 106 Cal. App. (2d) 716, 236 Pac. (2d) 9, 10, it is said: "When a person is illegally incarcerated he must take proper steps in the trial court, before trial, to correct the situation. If he proceeds to trial without objection, as he did here, any invalidity in the proceedings prior to commitment is waived. [Citing authorities.] This is the rule in practically all jurisdictions. See cases collected in 96 A. L. R. page 982. At this late date the claim of the unlawfulness of the arrest is an immaterial factor so far as the validity of the convictions is concerned."

In 96 A. L. R. at page 982, it is said: "Everywhere jurisdiction of the person of the defendant may be acquired by consent of the accused or by waiver of objections. If he fail to make his objection in time, he will be deemed to have waived it. He cannot, for instance, raise such a question for the first time in the appellate court."

We find no merit in the contentions advanced by petitioner herein, hence the writ is denied and the proceeding is dismissed. It is so ordered.

MR. JUSTICES BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE ANDERSON:

No hearing upon the petition for a writ of habeas corpus has been held by this court. The fact that an opinion is being rendered upon an ex parte application is a new development in the procedure of this court so far as I can determine. In any event, an opinion, if one is proper, should have been predicated upon

the petition, yet I find nothing of the records and files of the district court of Lewis and Clark County, Montana, either attached to the petition or otherwise appearing in the record before us.

I agree that the writ should be denied but I do not subscribe to the related facts, not in our record, in support of the reasons for denying it. For all that I may know those facts recited in the majority opinion may or may not be what the files and record below represent. Only those records and files that are before us should be considered by this court.

MR. JUSTICE ANGSTMAN concurs in the views of Mr. Justice Anderson.