STATE v. MYRON SPEER.

168 N. W. (2d) 488.

May 29, 1969—No. 41487.

C. *Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *J. Dennis O'Brien,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

MURPHY, JUSTICE.

This is an appeal from a judgment of conviction entered on a verdict finding defendant guilty of felonious escape. Minn. St. 609.485, subds. 2(1) and 4(1,4). Defendant complains that he was charged, convicted, and sentenced for the commission of a felony when, in fact, the offense was a misdemeanor and sentence should have been imposed under § 609.485, subd. 4(3,4).

While defendant was on probation under a sentence for conviction of attempted rape, he operated a motor vehicle after revocation of his driver's license, a misdemeanor, and was prosecuted for that offense. While this prosecution was pending, the district court, having been advised that defendant had violated the conditions of his probation, pursuant to the provisions of § 609.14, revoked the stay of execution and probation and directed that defendant be taken into immediate custody. Defendant entered a plea of guilty to the misdemeanor and was sentenced to a 90-day term. While in custody by reason of both proceedings, defendant and a fellow inmate of the jail assaulted the jailer and escaped. Defendant was apprehended and charged by information with having:

"* * * Wrongfully, unlawfully and feloniously escape[d] from the Mower County Jail while held in lawful custody on a conviction of attempted rape, a felony, and said escape was effected by violence or threat of violence against a person or persons to-wit: [the jailers] Richard Lane and Robert Smith [in violation of Minn. St. 609.485, subds. 2(1) and 4(1,4)] said acts constituting escape from custody."

Defendant went to trial, and after being found guilty, was sentenced under the stringent provisions of § 609.485, subd. 4(1), which apply to the offense of escape by a person in lawful custody on "a charge or conviction of a felony," to which sentence was added the increased penalty provided by subd. 4(4), which relates to an escape "effected by violence or threat of violence against a person."

Defendant's argument stresses the fact that at the time of his escape he was in the custody of the Mower County sheriff under the sentence for the misdemeanor, and, accordingly, the penalty for escape should not have been greater than the penalty for the offense for which he was sentenced. In determining the question presented, it is necessary to examine § 609.485, which relates to the offense of escape, and § 609.14, which relates to the power of the district court to revoke probation. Section 609.485, provides in part:

"Subd. 2. Whoever does any of the following may be sentenced as provided in subdivision 4:

"(1) Escapes while held in lawful custody on a charge or conviction of a crime; or

* * * * *

"Subd. 4. Whoever violates this section may be sentenced as follows:

"(1) If the person who escapes is in lawful custody on a charge or conviction of a felony, to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both.

* * * * *

"(3) If such charge or conviction is for a misdemeanor, to imprisonment for not more than 90 days or to payment of a fine of not more than $100.

"(4) If the escape was effected by violence or threat of violence

against a person, the sentence may be increased to not more than twice those permitted in clauses (1), (2), and (3)."

It is to be noted that more stringent penalties apply to one who escapes while "in lawful custody on a charge or conviction of a felony." Under such circumstances, felony penalties are imposed and may be increased where the escape is effected by violence. If a defendant escapes while being held on a charge or conviction for a misdemeanor, he incurs a misdemeanor penalty.

The state contends, however, that since defendant's probation on the prior felony sentence had been revoked, he escaped while being held on a charge or conviction of a felony. This argument derives from § 609.14, which provides:

"Subdivision 1. When it appears that the defendant has violated any of the conditions of his probation or has otherwise been guilty of misconduct which warrants the imposing or execution of sentence, the court may without notice revoke the stay thereof and probation and direct that the defendant be taken into immediate custody.

"Subd. 2. The defendant shall thereupon be notified in writing and in such manner as the court directs of the grounds alleged to exist for revocation of the stay of imposition or execution of sentence. If such grounds are brought in issue by the defendant, a summary hearing shall be held thereon at which he is entitled to be heard and to be represented by counsel.

"Subd. 3. If any of such grounds are found to exist the court may:

"(1) If imposition of sentence was previously stayed, again stay sentence or impose sentence and stay the execution thereof, and in either event place the defendant on probation pursuant to section 609.135, or impose sentence and order execution thereof; or

"(2) If sentence was previously imposed and execution thereof stayed, continue such stay and place the defendant on probation in accordance with the provisions of section 609.135, or order execution of the sentence previously imposed.

"Subd. 4. If none of such grounds are found to exist, the defendant shall be restored to his liberty under the previous order of the court."

It should be noted that this statute empowers the court, without notice, to revoke the stay of sentence and probation and to direct that the defendant "be taken into immediate custody." The state argues that he was in lawful custody on a charge or conviction of a felony, as comprehended by § 609.485, subd. 2(1), and that such custody was authorized by § 609.14, subd. 1. In State ex rel. Halverson v. Young, 278 Minn. 381, 154 N. W. (2d) 699, we noted that the proceedings for revocation of probation are summary. The court may employ alternative dispositions, as provided by the statute, and the sufficiency of the evidence for revocation is a matter within the sound discretion of the trial court. We take it that, under the provisions of § 609.14, once the order of the court has been issued revoking probation pending the hearing provided by the statute, defendant comes within the lawful custody of the court in a proceeding growing out of the original sentence.

The order revoking the stay of execution of sentence and probation on the original conviction of attempted rape was executed September 27, 1967. Defendant escaped on October 8, 1967. The hearing on revocation of the stay and of probation did not take place until October 6, 1967, and the order for execution of the sentence was imposed October 9, 1967. While it is true that on the date of the escape defendant was in custody because of the misdemeanor sentence, it is also true that he was legally in custody in the proceedings with reference to revocation of the stay of the felony sentence and of probation. The Advisory Committee Comment on § 609.485, subd. 2(1), 40 M. S. A. p. 430, states:

"The words 'in legal custody on a charge or conviction of a crime' includes everything from arrest, to confinement in a jail pending trial, to confinement in an institution following conviction."

It seems to us that under the clear provisions of the statute defendant escaped while in lawful custody in proceedings which originated in the charge and conviction of a felony, and that the state was warranted in prosecuting under the felony provisions of the escape statute. It would also seem that the more serious penalties were appropriately invoked because of the circumstances of the escape, which involved a violent attack upon the person of the jailer.

It is our view that the words of § 609.485, which apply to one who escapes while in custody on "a charge or conviction of a felony," apply to one who is in legal custody awaiting hearing on revocation of a stay of sentence and probation the same as they would apply to one in custody pending prosecution on the original charge.

Affirmed.