*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0351**

Joseph Bergeron, petitioner,
Appellant,

vs.

Tom Roy,
Commissioner of Corrections,
Respondent.

**Filed August 22, 2016
Affirmed
Johnson, Judge**

Washington County District Court
File No. 82-CV-15-4911

Joseph Bergeron, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Cody M. Zustiak, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Ross, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

In 1989, Joseph Bergeron was convicted of first-degree murder and received a mandatory life sentence. In 2011, the commissioner of corrections released him from prison, with conditions. In 2014, the commissioner returned him to prison after it was

determined that he had violated conditions of his release. Bergeron petitioned for a writ of habeas corpus, arguing that he is unlawfully confined on the ground that his sentence expired in 2013. The district court dismissed Bergeron's petition. We affirm.

**FACTS**

In September 1988, Bergeron burglarized a man's home and stabbed him with a knife eight times, causing him to bleed to death. A grand jury indicted him on (1) premeditated first-degree murder, in violation of Minn. Stat. § 609.185(1) (1988), and (2) first-degree murder while committing burglary, in violation of Minn. Stat. § 609.185(3) (1988). In April 1989, a Hennepin County jury found Bergeron guilty on count 2. The district court imposed a mandatory sentence of life imprisonment on count 2 and dismissed count 1. *See* Minn. Stat. § 609.185. The supreme court affirmed Bergeron's conviction. *State v. Bergeron*, 452 N.W.2d 918 (Minn. 1990).

"The commissioner of corrections may parole any person sentenced to confinement in any state correctional facility for adults under the control of the commissioner of corrections . . . ." Minn. Stat. § 243.05, subd. 1 (2014). A person serving a life sentence for committing a first-degree murder while committing burglary in 1988, without having a prior felony conviction, may be paroled only after "having served 20 years, less the diminution that would have been allowed for good conduct had the sentence been for 20 years." Minn. Stat. § 243.05, subd. 1(a) (1988). An inmate serving a term of years for a crime committed in 1988 would be entitled to "diminish the term of sentence one day for each two days during which the inmate has not violated any facility rule or discipline." Minn. Stat. § 243.18 (1988). Thus, a person imprisoned for having committed first-degree

2

murder while committing burglary in 1988, without having a prior felony conviction, is eligible for parole after 13 and one-third years.

In addition, "The commissioner of corrections may, under rules promulgated by the commissioner, give supervised release to an inmate serving a mandatory life sentence under section 609.185, . . . clause (3) . . . after the inmate has served the minimum term of imprisonment specified in subdivision 4." Minn. Stat. § 244.05, subd. 5 (2014).[1] The minimum term of imprisonment specified in subdivision 4 in 1988 was 17 years. Minn. Stat. § 244.05, subd. 4 (1988). Thus, a person imprisoned for having committed first-degree murder while committing burglary in 1988 is eligible for supervised release after 17 years.

In February 2011, the commissioner of corrections released Bergeron from prison and placed him on intensive supervised release. The standard conditions of Bergeron's release required him to, among other things, not consume alcoholic beverages and not commit any additional crimes.

In October 2014, a Bloomington police officer arrested Bergeron for driving while impaired (DWI). Bergeron submitted to a urine test, which revealed an alcohol concentration of 0.129. The state charged Bergeron with three criminal offenses: DWI, obstruction of legal process, and fleeing a peace officer.

---

[1]This statute was declared unconstitutional as applied to a juvenile in *Jackson v. State*, ___ N.W.2d ___, 2016 WL 4126394, *5-8 (Minn. Aug. 3, 2016). Because Bergeron was not a juvenile at the time of his offense, *Jackson* does not apply.

The commissioner of corrections detained Bergeron pending an administrative hearing. At a hearing in the Hennepin County jail, a department of corrections hearing officer found that Bergeron violated a condition of his release by using alcohol and found that there was probable cause to believe that Bergeron violated a condition of his release by committing a crime. The hearing officer determined that Bergeron should be returned to a correctional facility pending a final disposition with respect to the violation. It appears from the record that Bergeron was returned to the correctional facility in Lino Lakes at that time. In December 2014, Bergeron appeared before the commissioner and an advisory panel for a dispositional hearing. In a letter dated January 2, 2015, the commissioner informed Bergeron that he would remain confined at Lino Lakes because he had violated a condition of his parole.

In October 2015, Bergeron petitioned the Washington County District Court for a writ of habeas corpus. Bergeron argued in his petition that he is unlawfully confined because his sentence expired in September 2013. He asserted that his sentence expired in September 2013 because he committed his offense in September 1988 and his sentence is for 25 years. The commissioner opposed Bergeron's petition.

In January 2016, the district court dismissed the petition. The district court rejected Bergeron's argument that his sentence expired after 25 years, stating that his "life sentence is still in effect and he remains under the control of the Commissioner of Corrections" and that "the Commissioner of Corrections had the authority to rescind his parole upon violation of the conditions of release." Bergeron appeals.

4

# DECISION

Bergeron, appearing *pro se*, argues that the district court erred by dismissing his habeas petition.

The privilege of filing a writ of habeas corpus is guaranteed by the state constitution. Minn. Const. art. I, § 7. The legislature has fulfilled that guarantee by enacting a statute that provides a habeas remedy. *See* Minn. Stat. §§ 589.01-.35 (2014). The relevant chapter begins by stating:

> A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint.

Minn. Stat. § 589.01. A prisoner may use a habeas petition to obtain judicial review of a decision of the commissioner of corrections that implements a sentence. *State v. Schnagl*, 859 N.W.2d 297, 301-03 (Minn. 2015). A habeas petitioner bears the burden of proving that his detention is unlawful. *State ex rel. Adams v. Rigg*, 252 Minn. 283, 285, 89 N.W.2d 898, 901 (1958); *Bedell v. Roy*, 853 N.W.2d 827, 829 (Minn. App. 2014), *review denied* (Minn. Oct. 28, 2014).

In this case, Bergeron contends that the commissioner is unlawfully confining him because his sentence expired 25 years after the date of his offense. Bergeron relies on a statute that provides that a person serving a life sentence for premeditated first-degree murder, without having a prior felony conviction, may not be paroled "without having served 25 years, less the diminution which would have been allowed for good conduct had

5

the sentence been for 25 years." *See* Minn. Stat. § 243.05, subd. 1(b) (1988). Bergeron essentially contends that, in light of this statute, his sentence is, as a matter of law, a sentence that expires after 25 years.

Bergeron misreads the statute. Section 243.05, subdivision 1(b), does not provide that, as a matter of law, a person convicted of premeditated first-degree murder may not be imprisoned for more than 25 years. Likewise, section 243.05, subdivision 1(a), does not provide that, as a matter of law, a person convicted of first-degree murder while committing burglary may not be imprisoned for more than 20 years. The statute that set forth the offense of which Bergeron was convicted plainly states that a person who is "guilty of murder in the first degree . . . shall be sentenced to imprisonment for life." Minn. Stat. § 609.185 (1988). Consistent with the mandatory nature of section 609.185, the Hennepin County District Court filed a warrant of commitment that imposed a life sentence on Bergeron. Contrary to Bergeron's argument, subdivisions 1(a) and 1(b) of section 243.05 merely establish the minimum amounts of time that must be served in imprisonment before an inmate may be eligible for parole by the commissioner of corrections. But an inmate who has been paroled after the minimum amount of time has not discharged his sentence. Another subdivision of section 243.05 refutes Bergeron's argument:

> Upon being paroled and released, an inmate is and remains in the legal custody and under the control of the commissioner, subject at any time to be returned to a facility of the department of corrections established by law for the confinement or treatment of convicted persons and the parole rescinded by the commissioner.

6

Minn. Stat. § 243.05, subd. 1(d) (2014).  Thus, Bergeron is not unlawfully confined by the commissioner of corrections.

In sum, the district court did not err by dismissing Bergeron's petition for a writ of habeas corpus.

**Affirmed.**