# CITY OF ST. PAUL v. ADOLPH T. TOBLER AND OTHERS.

153 N. W. (2d) 440.

October 20, 1967—No. 41,054.

*Cochrane, Thomson & Bresnahan* and *Peterson & Popovich,* for relators.

*Joseph P. Summers,* Corporation Counsel, and *Daniel A. Klas,* Special Assistant Corporation Counsel, for respondent.

PETERSON, JUSTICE.

Petitioners, by writ of prohibition, challenge the validity of the warrants of the St. Paul municipal court under which they were arrested to

answer to certain misdemeanor complaints on July 14, 1967. The narrow issue is whether a warrant of arrest executed by one of the judges of that court upon a showing of probable cause was void only because it did not bear the teste of the chief judge.[1]

There is no question that the statute specifically applicable to the St. Paul municipal court contains the provision that warrants shall be tested in the name of the chief judge.[2] The determinative questions, however, are whether this statute is presently effective and, if so, whether the failure to thus attest the warrant is an irregularity so substantial as to render the warrant void.

■ A warrant of arrest is a judicial process by which, in the name of the state, a defendant is brought before the court to answer a criminal charge made against him.[3] The "teste" of a writ is a "signature in attestation of the fact that a writ is issued by authority." Bouvier's Law Dictionary, Rawle's 3rd Rev. p. 3264. A judge issuing a judicial order in his identified judicial capacity attests the order by his own signature. General statutes governing the issuance of warrants require no other teste. Minn. St. 629.41 provides:

---

[1] Petitioners appeared specially, through counsel, pursuant to Minn. St. 630.01 and 169.92, and entered written demurrers and oral motions to dismiss upon that stated ground of lack of jurisdiction; the motions were denied and the court asserts jurisdiction. Respondent, represented by the city's corporation counsel, opposed the motion both on the above-stated ground and on the additional ground that petitioners entered a general appearance, thereby waiving objection to the warrants and submitting themselves to the jurisdiction of the court. See, City of St. Paul v. Ulmer, 261 Minn. 178, 111 N. W. (2d) 612; City of St. Paul v. Webb, 256 Minn. 210, 97 N. W. (2d) 638; State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382. Our disposition of the case makes unnecessary a consideration of such additional issue.

[2] Minn. St. 488A.27 provides: "Subd. 7. All warrants and other criminal process issued by this court shall be tested in the name of the chief judge." The former designation of "senior judge" was changed to "chief judge" by L. 1967, c. 747, § 8.

[3] See, State v. Nugent, 108 Minn. 267, 121 N. W. 898; City of St. Paul v. Webb, 256 Minn. 210, 97 N. W. (2d) 638; City of St. Paul v. Ulmer, 261 Minn. 178, 111 N. W. (2d) 612.

"The judges of the several courts of record, in vacation as well as in term time, court commissioners, and all justices of the peace, are authorized to issue process to carry into effect the provisions of law for the apprehension of persons charged with offenses."

Section 629.42 provides:

"Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine, on oath, the complainant and any witnesses who shall appear before him, reduce the complaint to writing, and cause it to be subscribed by the complainant; and, if it shall appear that such offense has been committed, he shall issue a warrant, reciting the substance of the complaint, and requiring the officer to whom it is directed to forthwith bring the accused before him, or some other court or magistrate of the county, to be dealt with according to law, and in such warrant require him to summon the witnesses therein named to appear and give evidence on the examination."

Statutes applicable to municipal courts, unlike the general statutes, undertake to authorize clerks and deputy clerks of court to take sworn complaints and to issue warrants;[4] but, with the exception of two statutes exclusively applicable to the municipal courts of St. Paul and Duluth, none of those statutes make provision for testing the warrant in the name of a judicial officer. The statute applicable to the municipal court of Hennepin County would permit a clerk or deputy clerk to issue a warrant and without provision for testing the warrant in the name of a judge,[5] but the apparent practice has been to do so by attestation in the

---

[4] Section 488.17, applicable to municipal courts other than those of cities of the first class, provides in part: "Subd. 3. Complaints charging violation of a criminal law or a municipal ordinance, charter provision, rule, or regulation shall be sworn to before the clerk or any judge of the court and shall be filed with the clerk.

\* \* \* \* \*

"Subd. 6. The judge, clerk, or deputy clerk of a municipal court may issue warrants."

[5] Section 488A.10 provides in part: "Subdivision 1. Save as otherwise provided in this act, pleading, practice, procedure and forms in actions or proceedings charging violation of a criminal law or a municipal ordinance,

name of a judge.[6] The statute applicable to the municipal court of Duluth provides that warrants issued by clerks shall be tested in the name of a judge designated by the majority of the judges for that purpose.[7] The statute applicable to the municipal court of St. Paul contains provisions different in several respects from all other statutes of this state. Section 488A.18, subd. 3, provides:

----

charter provision, rule or regulation are governed by the statutes and common law rules which govern in a similar action or proceeding in the district court of Hennepin county (other than those applying peculiarly to felony or gross misdemeanor charges) or by statutes which govern in courts of justices of the peace in the absence of statutes or common law rules governing in said district court.

\* \* \* \* \*

"Subd. 3. Complaints charging violations of a criminal law of this state or a municipal ordinance shall be sworn to before the clerk, deputy clerk, or any judge of the court and shall be filed with the clerk, or deputy clerk. The court may deputize additional deputy clerks for the purpose of receiving sworn complaints and may establish reasonable compensation therefor. \* \* \*

\* \* \* \* \*

"Subd. 7. The clerk or any judge of the court may issue warrants."

[6] See, State ex rel. Law v. District Court, 276 Minn. 324, 326, and footnote 1, 150 N. W. (2d) 18, 20, and footnote 1.

[7] Section 488A.50 provides: "The judges, or a majority of them, may designate one of their number in whose name process shall be tested and issued under the seal of the court and signed by the clerk, and directed for service to any police officer of the city of Duluth, or the sheriff or any constable of the said county of St. Louis, except as herein otherwise provided. *Provided that process tested in the name of any judge of said court shall be valid."* (Italics supplied.)

Section 488A.52 provides: "Complaints in criminal cases, where the defendant is not in custody, may be made to the court, or a judge, or a clerk and shall be made in writing, or be reduced to writing by the Judge or clerk and sworn to by the complainant, whether the offense charged be a violation of the criminal laws of the state or of the ordinances, regulations, or bylaws of said city. Complaints, warrants and other process in criminal cases may follow substantially the forms heretofore in use by justices of the peace, with such alterations as may be convenient to adapt the same to the style of this court, or may be in such other form as the court may prescribe, sanction or approve."

"Except as otherwise provided in this act, the court has all the powers of the district court of this state. It may issue all civil and criminal process necessary or proper to enforce and effectuate its jurisdiction and determinations."

Section 488A.19, subd. 5, provides:

"The judges have the general powers of judges of courts of record and all powers necessary to effectuate the purposes of this act. Each judge may administer oaths and take and certify acknowledgments. Each judge is a conservator of the peace and has all powers and authority vested in justices of the peace or magistrates."

Section 488A.19, subd. 9, provides:

"The judges shall meet annually and elect one of their number to be presiding judge, who shall be designated as the chief judge of the court. In the event of a tie vote the judge who is senior in service shall be the chief judge. Said judge shall preside at all meetings of the judges. The business of the court may be divided between the judges, and the chief judge shall assign and designate what duties each judge shall perform."

Section 488A.27, subd. 3, provides:

"Complaints charging violation of a statute, ordinance, charter provision, rule or regulation shall be sworn to before the clerk, any deputy or assistant clerk, or any judge of the court and shall be filed with the clerk."

Section 488A.27, subd. 7, then provides:

"All warrants and other criminal process issued by this court shall be tested in the name of the chief judge."

No legislative history is recorded to explain why the express provision for attestation of warrants was made with respect to the cities of St. Paul and Duluth although not with respect to Hennepin County municipal court. It may nevertheless be reasonably assumed that the legislature acted in view of the practice it had authorized for nonjudicial functionaries to issue the great numbers of complaints and warrants in the municipal courts of cities of the first class. The attestation of warrants in the name of a chief judge or any judge would be a meaningful disclosure of the ju-

dicial authorization under which the warrant was executed by the clerk or deputy clerk. No such legislative purpose would exist, however, as to a warrant executed by a judge.

Where a warrant is in fact executed by a judge of the municipal court of St. Paul the absence of a teste in the name of the chief judge is, we conclude, at most a negligible irregularity. The teste is not a talisman of validity.

■ The purpose of such a teste to a warrant is even less necessary now that warrants are not issued by clerks of court. The essential element of a warrant of arrest, as we held in State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382, and State v. Paulick, 277 Minn. 140, 151 N. W. (2d) 591, is that determination of probable cause for arrest is a judicial function that cannot constitutionally be delegated to clerks. A judge, chief judge or not, is a judge. Each judge holds separate office with legal competence to perform all relevant judicial acts. A judge of the municipal court of St. Paul is neither the clerk nor the assistant of the chief judge.

State v. Paulick, 277 Minn. 140, 150, 151 N. W. (2d) 591, 593, declared the provisions of § 488A.10, subds. 3 and 7, unconstitutional "as they apply to clerks and deputy clerks of Hennepin County Municipal Court." The comparable provisions relating to the issuance of warrants by clerks of the St. Paul and Duluth municipal courts are, of course, likewise unconstitutional. Because the apparent legislative purpose of those special statutes, as they apply to the issuance of warrants by clerks and deputy clerks is no longer served and because general statutes of the state sufficiently govern the issuance of warrants by municipal courts, it is doubtful that the legislature would have intended the teste provisions to survive independently. We intimate no view as to the viability of these statutes with respect to the issuance of other process than warrants. We indicate only that the statute requiring the teste of the chief judge in cases where a warrant is issued by another judge of the same court is mere matter of form if not a dead letter.

Writ discharged.