Minnesota law prohibits state and local law enforcement agencies from holding someone based on an immigration detainer if the person would otherwise be released from custody. Minn. Stat. §§ 629.30; .34

3-a



The Office of
**Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity, safety, and respect · www.ag.state.mn.us

February 6, 2025

John J. Choi
Ramsey County Attorney
360 Wabasha Street North, Suite 100
St. Paul, MN  55102-1418

**Re:** **Request for Advisory Opinion Pursuant to Minn. Stat. § 8.07**

Dear Ramsey County Attorney Choi:

Thank you for your letter of January 13, 2025, which requests an opinion from this Office on whether Ramsey County can lawfully hold people in custody based on civil immigration detainer requests from U.S. Immigration & Customs Enforcement.

**BACKGROUND**

The facts as you present them are as follows. In 2014, the Ramsey County Attorney's Office reviewed the legality of holding people in custody at the Ramsey County Jail and the Ramsey County Correctional Facility in response to immigration detainers issued by U.S. Immigration & Customs Enforcement (ICE). As discussed below, an immigration detainer is a request from ICE to hold someone for up to 48 hours beyond the time they would otherwise be released so federal immigration officers may assume custody. *See* 8 C.F.R. § 287.7. Your Office concluded that holding people because of immigration detainers was unconstitutional and exposed Ramsey County to civil liability.

In 2019, the Minnesota Court of Appeals reached a similar conclusion. In *Esparza v. Nobles County*, the court of appeals affirmed an injunction prohibiting Nobles County and the Nobles County Sheriff from holding people because of immigration detainers. *See* A18-2011, 2019 WL 4594512 (Minn. Ct. App. Sept. 23, 2019). The plaintiffs alleged that prolonging their detention—and delaying their release from custody—based solely on an immigration detainer violated Minnesota law. *Id.* at *2. The court of appeals concluded that the district court did not abuse its discretion when it found that the plaintiffs were likely to succeed on the merits of that claim. *Id.* at *4-10.

Your Office's analysis and *Esparza* carefully consider whether Minnesota law enforcement agencies can, consistent with Minnesota law, hold people who would otherwise be released from custody because the agency has received an immigration detainer. However, as you correctly note, *Esparza* is nonprecedential, and it arose out of a temporary injunction. The court of appeals did not render a final decision on whether the county and the sheriff had violated Minnesota law. Similarly, the analysis conducted by your Office is over ten years old and predates policy changes that were implemented by ICE. Your Office thus seeks a written opinion from our Office on this issue of public importance.

## QUESTION PRESENTED

Your letter asks the following question: "Can Ramsey County lawfully hold a detainee or inmate based solely on an ICE Form I-247 Detainer, or similar civil request, without a supporting warrant or probable cause?" ICE, however, has discontinued use of form I-247. ICE now issues detainer requests through a consolidated detainer form, I-247A, accompanied by one of two types of administrative warrants: (1) form I-200 (Warrant for Arrest of Alien) or (2) form I-205 (Warrant of Removal/Deportation).

We therefore interpret your question as follows: Can Ramsey County lawfully hold people in custody based on immigration detainers? For purposes of this analysis, we use the phrase "immigration detainer" to mean both the detainer form (I-247A) and an administrative warrant (I-200 or I-205), unless otherwise noted.

## SUMMARY OF CONCLUSION

Minnesota law prohibits state and local law enforcement agencies from holding someone based on an immigration detainer if the person would otherwise be released from custody.

## ANALYSIS

The analysis in this opinion proceeds as follows. First, the opinion provides a brief overview of immigration detainers. Second, the opinion addresses whether the continued detention of a person who would otherwise be released from state custody is an "arrest" under the United States and Minnesota Constitutions. Finally, the opinion considers whether Minnesota law or federal law authorizes state and local officials[1] to arrest someone based on immigration detainers.

We conclude that: (1) the continued detention of a person who would otherwise be released from custody is an arrest; and (2) neither Minnesota law nor federal law gives state and local officials the authority to arrest someone based on an immigration detainer.

---

[1] This opinion uses the general term "official" as encompassing any government agent or employee, including corrections or jail employees. On occasion, it uses the terms "peace officer," or "officer" to refer to licensed law enforcement officers who have the usual powers of arrest.

## I.     OVERVIEW OF IMMIGRATION DETAINERS

Under the Immigration and Nationality Act, the Secretary of the U.S. Department of Homeland Security (DHS) has the authority to "establish such regulations . . . and perform such other acts as he deems necessary for carrying out his authority." 8 U.S.C. § 1103(a)(3). Based on that authority, the Secretary has promulgated regulations that authorize ICE[2] to issue immigration "detainers." 8 C.F.R. § 287.7. A detainer advises another federal, state, or local law enforcement agency that ICE "seeks custody of a [noncitizen] presently in the custody of that agency, for the purpose of arresting and removing the [noncitizen]." *Id.* § 287.7(a). A detainer asks the receiving agency to do two things: (1) notify ICE before a specific detainee or inmate is released from custody; and (2) maintain custody of that person for up to 48 hours after he or she would otherwise be released so that ICE may assume their custody.

Under current policy, ICE uses a consolidated detainer form, I-247A, when issuing detainer requests.[3] The detainer must be accompanied by one of two types of administrative warrants: form I-200 or form I-205. Both types of administrative warrants are signed by a federal immigration official, and they are addressed to federal immigration officers for execution. The type of warrant issued depends on the detainer subject's immigration status. ICE issues form I-200 warrants when "the subject of the detainer . . . is not yet subject to a final order of removal."[4] It issues I-205 warrants when "the subject of the detainer is also subject to a final order of removal."[5]

Federal regulations specify that detainers are requests—they are not commands. *See* 8 C.F.R. § 287.7(a) (stating that "[t]he detainer is a request"). Federal courts across the country have recognized the same. *E.g.*, *Galarza v. Szalczyk*, 745 F.3d 634, 642 (3d Cir. 2014) (held that "detainers are not mandatory"). And to the extent there were any doubt, the Tenth Amendment "clearly establishes that [detainers] must be deemed requests." *Id.* at 643.

The Tenth Amendment reserves all powers not given to the federal government to the states, and it prohibits the federal government from commandeering state and local officials to enforce federal regulatory programs. U.S. Const. amend. X; *Murphy v. NCAA*, 584 U.S. 453, 470-73 (2018) (the anticommandeering principle prevents the federal government from compelling state and local officials to "administer or enforce a federal regulatory program" (cleaned up)). The Tenth Amendment thus prohibits immigration officials from "order[ing] state and local officials

---

[2] Two federal agencies enforce federal immigration laws: ICE and the United States Customs and Border Protection (CBP). *See Arizona v. United States*, 567 U.S. 387, 397 (2012). Both agencies are part of DHS. *Id.* ICE is responsible for interior enforcement of federal immigration laws, while CBP is responsible for enforcing those laws at the border. *Id.* Because most Minnesota counties are likely to deal with ICE, we focus on detainers issued by that agency. But other federal immigration officers (e.g., CBP agents) are authorized to issue detainers, and the analysis in this opinion applies to those detainers too. *E.g.*, 8 C.F.R. § 287.7(b) (listing officers authorized to issue detainers).

[3] *See* U.S. Immigr. & Customs Enf't, *Policy No. 10074.2: Issuance of Immigration Detainers by ICE Immigration Officers*, https://www.ice.gov/sites/default/files/documents/Document/2017/10074-2.pdf [hereinafter Policy No. 10074.2].

[4] Policy No. 10074.2 § 5.2.

[5] *Id.*

to imprison suspected [noncitizens] subject to removal at the request of the federal government." *Galarza*, 745 F.3d at 643; *accord McHenry Cnty. v. Raoul*, 44 F.4th 581, 591-92 (7th Cir. 2022) (same); *United States v. California*, 921 F.3d 865, 890-91 (9th Cir. 2019) (same).

## II. CONTINUED DETENTION AFTER A PERSON SHOULD BE RELEASED FROM CUSTODY IS AN ARREST.

The threshold question raised by your letter is whether the continued detention of someone in a county jail or correctional facility after they should be released due to an immigration detainer is a seizure within the meaning of the United States and Minnesota Constitutions. We conclude that the answer is yes.

Both the Fourth Amendment to the United States Constitution, and Article I, section 10 of the Minnesota Constitution, protect people from "unreasonable searches and seizures." An arrest is a seizure. *Payton v. New York*, 445 U.S. 573, 585 (1980). The law deems a person to be under arrest if a reasonable person, under the same circumstances, would believe themselves to be under custodial arrest and unfree to leave. *State v. Beckman*, 354 N.W.2d 432, 436 (Minn. 1984); *State v. Thompson*, 929 N.W.2d 21, 27 n.1 (Minn. App. 2019); *see also* Minn. Stat. § 629.30 (defining an arrest as "taking a person into custody"). Under this rule, prolonging the custodial detention of a person who should otherwise be released is an arrest and must comply with Minnesota's arrest statutes. *Cf. Rodriguez v. United States*, 575 U.S. 348, 356-57 (2015) (holding that prolonging a seizure for a different purpose is a new seizure); *Askerooth*, 681 N.W.2d at 365 (holding that art. I, § 10 of the Minnesota Constitution requires independent justification for each "incremental" expansion of a seizure). The Minnesota Supreme Court has accordingly held: "A jailer or prison superintendent can be held liable for false imprisonment in an action by a prisoner detained beyond the expiration of his sentence." *Peterson v. Lutz*, 3 N.W.2d 489, 489 (Minn. 1942).

Applying these principles, prolonging the detention of someone who should otherwise be released, based solely on an immigration detainer, is an arrest. Several federal and state courts have considered this issue. And they have reached "broad consensus" that prolonging a person's detention solely because of an immigration detainer is a new arrest. *Ramon v. Short*, 460 P.3d 867, 875 (Mont. 2020); *see also Morales v. Chadbourne*, 793 F.3d 208, 217 (1st Cir. 2015); *Lunn v. Commonwealth*, 78 N.E.3d 1143, 1153-54 (Mass. 2017); *People ex rel. Wells v. DeMarco*, 168 A.D.3d 31, 39-40 (N.Y. App. Div. 2018); *Esparza*, 2019 WL 4594512, at *4-5. Indeed, the United States Department of Justice conceded for years that holding a person on an ICE detainer "constitutes an arrest."[6] *Lunn*, 78 N.E.2d at 1153; *see also Moreno v. Napolitano*, 213 F.Supp.3d 999, 1005 (N.D. Ill. 2016). We agree with these authorities.

---

[6] In 2020, the United States stopped conceding that additional detention was an arrest. *See Ramon*, 460 P.3d at 875 (noting the change in position). Courts gave the new position no weight. *Id.*

**III.** **NEITHER MINNESOTA LAW NOR FEDERAL LAW AUTHORIZES STATE AND LOCAL OFFICIALS TO ARREST AN INDIVIDUAL BASED ON AN IMMIGRATION DETAINER.**

Because continued detention due to an immigration detainer is an arrest, the question becomes whether the detainer alone authorizes Minnesota officials to hold someone. The answer is no. Minnesota law does not authorize state and local officials to hold or arrest someone based on an immigration detainer. Nor does federal law grant such authority.

**A. Minnesota law does not authorize state and local officials to hold someone based on an immigration detainer.**

Under the United States Constitution, law enforcement officers may initiate an arrest, consistent with the Fourth Amendment, if there is probable cause to believe someone committed any crime—even minor traffic infractions. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). The Minnesota Constitution, however "afford[s] greater protection against unreasonable searches and seizures," and more rigorously limits arrest authority than the United States Constitution. *Askerooth*, 681 N.W.2d at 361-63. Moreover, Minnesota peace officers do not have inherent or common law authority to arrest. Arrest authority is instead defined by statute. *Hilla v. Jensen*, 182 N.W. 902, 903 (Minn. 1921). An arrest that is unauthorized by statute is illegal. *State v. Varnado*, 582 N.W.2d 886, 892-93 (Minn. 1998). And any unauthorized arrest potentially exposes the arresting agency to civil liability.[7] *See Lundeen v. Renteria*, 224 N.W.2d 132, 146 (Minn. 1974) (identifying the elements of a false-imprisonment claim predicated on an unlawful arrest).

Here, there are two broad categories of potentially relevant statutes: civil arrest statutes and criminal arrest statutes. We consider each in turn.

**Civil arrest statutes.** Civil arrest statutes are the more relevant category. As the Supreme Court has repeatedly stated, "it is not a crime for a removable [noncitizen] to remain present in the United States." *Arizona*, 567 U.S. at 407 (citing *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984)). Instead, "[r]emoval is a civil, not criminal, matter." *Id.* at 396. Thus, legal authority for detainer arrests must be found in Minnesota's civil statutes—not its criminal code.

Minnesota statutes authorize civil arrests—with or without a warrant—in limited circumstances. For example, Minnesota law establishes a comprehensive scheme for arresting those suffering from mental illness if they pose a danger to themselves or the public. *E.g.*, Minn. Stat. §§ 253B.141, subd. 2, 253B.051, subds. 1, 3, 253B.07, subd. 2b. Similarly comprehensive schemes govern civil arrests for contempt of court (Minn. Stat. § 588.04(a)); juvenile delinquency

---

[7] Civil liability in this area can be substantial. *See, e.g.*, *Parada v. Anoka Cnty.*, 54 F.4th 1016, 1020 (8th Cir. 2022) (plaintiff awarded $30,000 in damages on her prevailing false-imprisonment claim and over $248,000 in attorney fees). In *Esparza*, Nobles County settled the claims against it for $200,000. *See Judge approves 200k settlement in immigration detention lawsuit*, KSTP (May 5, 2022), https://kstp.com/kstp-news/local-news/judge-approves-200k-settlement-in-immigration-detention-lawsuit/.

(Minn. Stat. §§ 260C.143, subd. 4, 260C.175, subd. 1); and the civil commitment of sex offenders (Minn. Stat. § 253D.10).

We are aware of no civil statute that vests Minnesota officials with the authority to arrest someone in response to an immigration detainer. The absence of such an arrest authority is glaring because the Minnesota legislature has authorized law enforcement to work with federal immigration officials in other ways. Minnesota law, for example, requires sheriffs and other correctional officials to inquire into the immigration status of convicted felons and those civilly committed for mental health reasons. Minn. Stat. § 631.50. If the person is a noncitizen, then correctional officials must provide certain categories of information to federal immigration officials.

The Minnesota legislature thus knows how to authorize state officials to work with ICE. But it has not authorized Minnesota officials to carry out civil immigration arrests.[8] In the absence of that express statutory authority, Minnesota officials have no state-law authority to hold or otherwise detain someone based on an immigration detainer.

**Criminal arrest statutes.** Because "[r]emoval is a civil, not criminal, matter," *Arizona*, 567 U.S. at 396, Minnesota's criminal arrest statutes have little bearing on the legal analysis. But even if they did, the analysis would not change.

The two principal statutes that govern criminal arrests are Sections 629.30 and 629.34 of Minnesota's criminal code. Section 629.30 identifies the four general categories of arrest that may be proper under state law: arrests by Minnesota peace officers with or without a warrant, arrests by federal immigration officers, and arrests by private citizens. Minn. Stat. § 629.30. Other statutes in Chapter 629 specify when arrests within those broad categories are permitted. *E.g.*, Minn. Stat. § 629.34 (arrests without warrants); Minn. Stat. § 629.37 (arrests by private persons).

As for arrests with a warrant, Minnesota law requires a finding of probable cause by a judicial officer. *See, e.g.*, Minn. Const. art. I, § 10 (stating that "no warrant shall issue but upon probable cause supported by oath or affirmation"); Minn. R. Crim. P 3.02, subd. 1 (an arrest "warrant must be signed by a judge"); *accord City of St. Paul v. Tobler*, 153 N.W.2d 440, 443 (Minn. 1967) (determining probable cause for an arrest warrant is a "judicial function"). Indeed, "the necessity for an objective and impartial determination by a judicial officer has been consistently treated as a principle so fundamental its application does not seem to have been seriously questioned." *State ex. rel Duhn v. Tahash*, 147 N.W.2d 382, 385 (Minn. 1966). The administrative warrants that accompany immigration detainers (*i.e.*, ICE forms I-200 and I-205) are not valid arrest warrants under Minnesota law because they are issued by federal immigration officials—not judicial officers.

---

[8] Other states expressly authorize their officers to carry out immigration arrests. *E.g.*, Va. Code Ann. § 19.2-81.6 (vesting Virginia law-enforcement officers with "the authority to enforce immigration laws of the United States" and to conduct warrantless arrests in certain circumstances); N.C. Gen. Stat. § 128-1.1(c1); Tex. Code Crim. P. 2.251(a)(1) (requiring Texas law enforcement agencies to comply with immigration detainer requests issued by ICE).

As for arrests without a warrant, officers' authority is narrow and circumscribed by statute. Minn. Stat. § 629.34, subd. 1(a). The general rules are: (1) an officer may arrest someone without a warrant for a felony if there is probable cause to believe the person committed the crime; (2) an officer may arrest someone without a warrant for a non-felony only if the crime occurs in the officer's presence or some statute specifically authorizes the arrest; and (3) absent other statutory authority, a person arrested for a misdemeanor must be released without continued detention unless detention is necessary to prevent further criminal behavior or there is likelihood the person will not respond to the citation. Minn. Stat. § 629.34, subd. 1(c)(1-4); Minn. R. Crim. P. 6.01, subd. 1(a).

None of these rules authorizes warrantless detainer arrests. Thus, even if Minnesota's criminal statutes applied, they would not authorize detainer arrests.

### B. Federal law does not authorize Minnesota law enforcement agencies to conduct immigration detainer arrests.

The lack of state-law authority to arrest is dispositive. Because Minnesota law does not authorize immigration detainer arrests, Minnesota law enforcement agencies risk significant civil liability if they enforce immigration detainers. The United States, however, has argued in several courts that immigration detainer arrests are a permissible form of cooperation under federal immigration law. Most courts have concluded that the cooperation clause in the relevant federal statute does not authorize detainer arrests. We agree.

Section 1357(g) of the INA allows DHS to enter contracts with state or local law enforcement agencies to perform the functions of federal immigration officers. 8 U.S.C. § 1357(g)(1). Among other things, these agreements require state and local officials to be trained in—and adhere to—federal law. *Id.* § 1357(g)(2). They also require state and local officials to "be subject to the direction and supervision of the [United States] Attorney General." *Id.* § 1357(g)(3). No state or local entity is required to enter into an agreement under Section 1357(g), *id.* § 1357(g)(9), and we are unaware of any Minnesota law enforcement agency that is currently party to one.[9]

---

[9] We thus express no opinion on whether detainer arrests by Minnesota officials operating under a valid Section 287(g) agreement would comply with Minnesota law. We observe, however, that one state appellate court recently held that 287(g) agreements do not authorize state or local officials to make detainer arrests if the arrest is not authorized by state law. *Nash v. Mikesell*, 557 P.3d 369, 377-78 (Colo. App. 2024). Similarly, we recognize that the Acting Secretary of DHS recently issued a finding that there is a nationwide "mass influx" of undocumented people. U.S. Dep't of Homeland Sec., *Finding of Mass Influx of Aliens*, https://www.dhs.gov/sites/default/files/2025-01/25_0123_finding-of-mass-influx-of-aliens.pdf. The finding triggered a separate statutory authority for DHS to enter written agreements with local law enforcement agencies to enforce federal immigration laws. *See* 8 U.S.C. § 1103(a)(10); 28 C.F.R. §§ 65.83(d), 65.84. We are unaware of any existing agreements with Minnesota law enforcement agencies under that authority, and we express no opinion whether valid and executed agreements under section 1103(a)(10) could legally authorize Minnesota agencies to prolong a person's detention without a judicial warrant.

Section 1357(g)(10) contains a saving clause that allows state and local officials to "cooperate" with federal immigration officials in certain circumstances. The United States has argued that the cooperation clause gives state and local officials the authority to conduct detainer arrests. But as courts from Montana to Massachusetts have explained, Section 1357(g)(10) does not affirmatively vest state and local officials with detainer arrest authority. *See, e.g.*, *Ramon*, 460 P.3d at 879; *Lunn*, 78 N.E.3d at 1159; *DeMarco*, 168 A.D.3d at 50-52. Instead, Section 1357(g)(10) allows for informal cooperation between state and local authorities and federal immigration officials—but only to the extent that cooperation is "authorized by state law." *Lunn*, 78 N.E.3d at 1159. And because Minnesota law does not authorize detainer arrests, detainer arrests are not a permissible form of cooperation under Section 1357(g)(10).

Thank you again for your inquiry, and we hope this opinion is helpful to you.

Sincerely,

KEITH ELLISON
Attorney General

|#5987193-v1